## W. P. NEWMAN *et al. v.* P. W. ASHE *et al.*

1. CORPORATIONS. *Power of to purchase land.* While it is the better rule to construe strictly the power of corporations, still it was within the corporate powers of the city of Knoxville to purchase and own land outside the city limits, for water reservoir purposes.

2. SAME. *Title not divested by change of purpose.* Land being purchased for such a purpose, the title vested in the city, and was not divested by a change of purpose.

Newman *v.* Ashe.

3. SAME. *Failure to perform a minor consideration will not forfeit the title.* *When.* Land conveyed for a fair consideration does not revert to the bargainor because some outside consideration has not been performed, when there is nothing in the deed to show that such failure was, by the contract, to forfeit the title.

4. SAME. *Ejectment. Right to re-enter. Who may.* The right to re-enter is reserved to the bargainer and his heirs and not to his grantees.

FROM KNOX.

Appeal from the Circuit Court. E. T. HALL,. Judge.

CALDWELL & WASHINGTON for plaintiffs.

CORNICK BAXTER for defendants.

MCFARLAND, J., delivered the opinion of the court.

This is an action of ejectment, brought to recover a lot of land two hundred feet square, lying within the present corporate limits of the city of Knoxville. The plaintiffs having failed in the action, bring the cause to this court for revision. It is conceded that the land was formerly owned by Calvin Morgan, and both parties claim title through him. On the 6th of December, 1838, said Morgan conveyed the lot in dispute to the mayor and Aldermen of Knoxville, for the purpose of erecting a *reservoir* thereon. This deed was duly registered. No reservoir was ever erected, however, and the city authorities afterwards sub-divided the lot and sold and conveyed to various parties— the several defendants to this action and others through whom they claim.

Calvin Morgan died between the years 1850 and 1852, and on the 12th of February, 1853, the executor of his will conveyed to John Fouche twenty-five acres of land, including the land in dispute. On the 22d of April, 1853, Fouche conveyed to Jacob Newman, Tazewell and W. G. Newman, a lot the boundaries of which also include the disputed land.

This deed, after giving the boundaries, uses this language: " Containing, (after deducting two hundred feet square, heretofore sold by Calvin Morgan, sr., to the corporation of Knoxville for a reservoir lot), six acres 99–100 poles." In another part of the deed, the bargainer quit claims to the bargainees all his title to said two hundred feet square, but without waranting the title. The action is brought by W. G. Newman and the heirs of Jacob and Tazewell W. Newman.

It is manifest upon this statement, that if the deed of Calvin Morgan to the mayor and aldermen, of the 6th December, 1838, be valid, and nothing else appearing, the title of the defendants is superior.

The plaintiffs therefore maintain: 1st, that this deed was inoperative and void, because the land at the time was without the corporate limits of the city of Knoxville, and the corporate authorities had no power under the charter and laws to purchase and take the title to such land; and 2d, if this be not so, that the title of the city was lost by reason of its failure to perform the conditions contained in the deed, and the title thereby reverted to the grantor and passed to them under their deeds.

These questions were determined against the plaintiffs by the circuit judge.

Upon the first question, a strict construction of the powers of municipal corporations may be conceded as the safer rule, and that such corporations must act within the powers of their charters, and to carry out the legitimate purposes of their creation; and the power to purchase real estate for the purposes of speculation could certainly not be inferred from the general powers contained in city charters. But the act of the 19th January, 1838, while it does not in express terms give the power to purchase and hold real estate outside of the corporate limits for the purpose of constructing water-works, yet it does so by necessary implications. The power to construct water-works—a legitimate corporate purpose—is expressly given, and the authority is given to the mayor and aldermen "to protect from injury by adequate penalties, . . . the pipes, hydrants or fixtures, buildings or improvements belonging to or in any way appertaining to said water-works, *whether within or without the limits of said corporation."*

We think it requires no latitude of construction to hold that the corporate authorities had at the time the power to purchase and take the title to the lot for the purpose indicated; and this being so, the deed is not on this account void, although no water-works were ever constructed upon the lot in question. The purchase having been made in accordance with the power and authority then existing, the title passed, and was not defeated by reason of a change of pur-

pose on the part of the corporate authorities as to constructing water-works upon the land.

To determine the next question, it is necesary to notice the material parts of the deed in question, as follows: "The said Calvin Morgan, for and in consideration of the sum of one thousand dollars to him in hand, the receipt of which is hereby acknowledged, and for and in consideration that the said mayor and aldermen hereby agree, as soon as conveniently practicable, to erect for said Morgan's use, a hydrant within ten feet of the descending pipe from the reservoir contemplated, furnishing water sufficient for the domestic consumption of one family, hath granted, etc., etc., to the mayor and aldermen of Knoxville, for the use and benefit of said town, and for the purpose of erecting a reservoir thereon, a certain tract of land," etc., etc., with the privilege of ingress and egress, etc. It is argued that the failure of the corporation to erect the reservoir and hydrant within the time indicated was a breach of the condition upon which the land was conveyed, and gave to Morgan the right to avoid the conveyance by a re-entry. We hold that this is not a proper construction of the deed; that the conveyance was absolute and unconditional; that the undertaking of the mayor and aldermen to erect the hydrant was a part of the consideration of the conveyance, and Morgan might or might not have had his remedy for the non-performance of this undertaktaking; but there is nothing in the deed to show that a failure to perform this undertaking was to forfeit the title to the land, or cause it to revert to the

grautor.    Where a fair consideration, as in this case, has been paid outside of the undertaking in question, courts would certainly not imply a condition that the title is to be forfeited by a non-compliance of the further undertaking of the bargainees.    Such conditions would have to be clearly expressed;   the language of the deed showing that the conveyance was for the purpose of erecting a reservoir thereon, as standing alone, no other significance, then to show that the purchase by the corporate authorities was within their power and for a legitimate purpose.

We think this holding will be bound to be in accordance with the authorities upon the subject.    Shephard Touchstone, p. 127.    If it were conceded that the deed is subject to the construction contended for, the authorities hold that the right to enter or avoid the deed is reserved only to the bargainer or his heirs, and does not pass to his grantee.    4 Kent, p. 127; Washburne on Real Property, 1 vol., pp. 450, 451.

We think there is nothing to show any attempt upon the part of Morgan or his heirs or representatives to assert the right of re-entry, though he remained in possession some years after the conveyance.

We think there is no error in the record, and the judgment will be affirmed.