BOARD OF EDUCATION OF HUMPHREYS COUNTY *et al.* *v.*
J. W. BAKER.

(*Nashville.*   December Term, 1910.)

1. **DEEDS OF CONVEYANCE.** Abandonment is not proved under condition for reversion for abandonment of the lot for school and church purposes, when.

Where a lot of ground was conveyed to the school directors of a certain public school district and their successors in office for a site for a schoolhouse and church with a reservation that the title should revert to the grantor in case the use of the lot for such purpose was abandoned, proof that the building erected thereon had been neglected to such an extent that it was in bad repair and in a very dilapidated condition, and that sometime prior to the filing of the bill, the public school was not taught in the building, because of the erection of a more commodious building in another place, but that its use was continued for church purposes, and no abandonment by the public was shown, is insufficient to show an abandonment in the sense of the provision of the deed. (*Post, pp.* 45, 46.)

2. **SAME.** Contingent right of re-entry is not a grantable right; what interest is grantable.

The contingent right of re-entry on account of the abandonment of the house and lot under a condition in the deed providing that the title should revert if the property was abandoned for the purposes of school and church is not a grantable interest in the property; for an interest in land, in order to be the subject of a valid grant, must exist in possession, reversion, or remainder, or by executory devise or contingent remainder, and be something more than a bare possibility of an interest, which is uncertain. (*Post, pp.* 46-48.)

3. **SAME.** For breach of conditions in law, grantor, his heir, or assignee may enter; but for breach of conditions in deed, grantor or his heir only, and not his assignee, can enter.

Where there is a breach of the conditions in law, the grantor, his heir, or assignee, may avail himself of the right to enter; but a breach of conditions in deed entitles the grantor and his heirs only, and not strangers taking by assignment or deed, to enter and defeat the estate of the grantee. (*Post*, p. 48.)

4. **SAME.** Entry is the only mode of taking advantage of a breach of a condition in a deed to defeat or forfeit the estate granted.

The only mode of taking advantage of a breach of a condition in deed, which has the effect to defeat an estate, or to work a forfeiture thereof, is by entry, which reduces the granted estate to the same condition and causes it to be held upon the same terms as if the estate to which the condition is annexed had not been granted. (*Post*, p. 48.)

5. **SAME.** Reversion for breach of conditions in deed must be made effective by re-entry of grantor or his heir, and is waived by grantor's subsequent conveyance, though he had no grantable interest.

Where the grantor conveys a lot of ground to the school directors of a certain public school district and their successors in office, to be used for a schoolhouse and church only, by a deed providing that whenever the lot was abandoned for such purposes, the title should revert to the grantor, the condition for reversion upon abandonment of the particular use was a condition in deed, available to the grantor and his heirs only, and the right of entry for breach thereof, was waived by the grantor's subsequent conveyance of the land to a third person, though the grantor's right of reversion was not an estate which could be the subject of a conveyance, so that such subsequent grantee acquired nothing by his deed. (*Post*, pp. 44, 47-49.)

Cases cited and approved: Rice v. Railroad, 12 Allen (Mass.), 141.

Board v. Baker.

6. CHANCERY PLEADING AND PRACTICE. After district schoolhouse and lot is transferred by legislative act to city, its governing authority may become complainant to pending ejectment suit, when.

Where a lot of ground was conveyed to the school directors of a certain public school district and their successors in office for a site for a schoolhouse and church, and the county board of education filed a bill in ejectment to recover the lot from one alleged to be in wrongful possession and to remove, as clouds upon complainants' title, the deeds under which the defendant was claiming title, and pending the suit the State legislature passed an act amending the charter of the municipal corporation in which said lot was situate, so as to establish for said town a school system under the control of its board of mayor and aldermen, and transferred all school property within its corporate limits, including the lot in question, to the municipality, after which the said board of mayor and aldermen filed a petition in the case to be permitted to be made complainants, with the right to prosecute the suit in their name, and this was done. (*Post, pp.* 44, 45.)

FROM HUMPHREYS.

Appeal from the Chancery Court of Humphreys County.—J. W. STOUT, Chancellor.

MORRIS & MORRIS and B. R. THOMAS, for complainants.

H. C. CARTER and J. F. SHANNON, for defendant.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

This is an action of ejectment, brought by the board of education of Humphreys county to recover a lot situated in the town of McEwen, the possession of which was taken by defendant under the following facts: In 1881, J. N. Simpson conveyed the lot in question to the school directors of the Sixteenth school district of Humphreys county upon the following conditions:

"To have and to hold the same unto the school directors and their successors in office for the purposes and uses aforesaid, viz., building a schoolhouse and church, to be used for that purpose only; and whenever the said lot of ground is abandoned for the purposes of school and church, then the title is to revert back to me, and this shall not be any title to any other person for other purposes whatever."

On September 23, 1897, Simpson attempted to convey this lot to the defendant, Baker. This deed was an ordinary deed of conveyance, and referred to the lot conveyed as the same "lot given by J. N. Simpson to the public school directors for school purposes, and used heretofore for that purpose." On August 2, 1907, Simpson made another deed to Baker containing the following recital:

"Whereas, on the 18th day of October, 1881, I conveyed to the school directors of what was then the Sixteenth school district of Humphreys county, Tennessee,

a certain town lot in the town of McEwen, in said
Humphreys county, which deed was duly acknowledged
by me and duly recorded in Book Z, pages 4 and 5, of
the register's office of Humphreys county aforesaid, to
which reference is here made for full description of said
lot and the terms of the deed; and whereas, said deed
provided that said school directors are to build a school-
house and church on said lot to be used for that pur-
pose only, and that when said lot of ground is aban-
doned for the purpose of school and church the title was
to revert back to me; and whereas, on the 23d day of
September, 1897, believing said lot had been abandoned
for school and church purposes, I transferred, sold, and
conveyed to James W. Baker for the consideration of
five hundred dollars the said lot above mentioned, but
since the date of this last deed some question has arisen
as to whether there was abandonment of the same on
the 23d of September, 1897, the date I conveyed the lot
to Baker; and whereas, since then said lot has been
abandoned for school and church purposes for years."

About the date of this last deed, defendant, Baker,
with the consent of one of the old school directors, took
possession of the lot, claiming it under his deeds from
Simpson. Thereupon, the complainants, who are the
county board of education for Humphreys county, and
the county superintendent of public instruction, who is
*ex officio* secretary of the county board of education,
filed this bill to recover the lot from Baker, alleging
that the public accepted the deed of Simpson and built

a house upon the lot for school and church purposes, and had continuously used it for such purposes up to a very recent date before the filing of the bill, when defendant took possession of the property and nailed up the house. It was charged that there was no abandonment upon the part of the public, and for that reason the right of re-entry had never existed in Simpson, and therefore Baker could not acquire a right of entry under the deeds to him from Simpson. It was further charged that Simpson, by the execution of the deed to Baker, deprived himself of all right of re-entry which he had reserved to himself, although the contingency provided for in the deeds as conferring that right should have happened.

The defendant answered the bill, and admitted that a public school and church house was built upon the lot, and admitted the conveyance to him by Simpson as charged in the bill, but asserted that by reason of the right of re-entry reserved by Simpson in his deed to the school directors the defendant acquired title under the subsequent conveyance from Simpson, because the contingency provided for in the deed of Simpson to the school directors had happened, in that the property had been abandoned for school and church purposes. After the filing of the bill, the legislature passed an act amending the charter of the town of McEwen, so as to establish for said town a school system under the control of its board of mayor and aldermen, and transferred all school property within its corporate limits, including the lot in question, to the municipality. After this was

done, the board of mayor and aldermen filed a petition in the case to be permitted to be made complainants, with the right to prosecute the suit in their name, and this was done. The case was heard by the chancellor upon the pleadings and proofs, and he declared that there had been no abandonment of its rights by the public at the time of the institution of this suit, and therefore the defendant had no right to the possession of the property at that time, and he allowed a recovery of the lot by the board of mayor and aldermen, and admitted them to the possession thereof. He held, however, that the two deeds from Simpson to defendant, Baker, passed to Baker "all the rights that Simpson reserved to himself in his deed to the school directors in 1881 to re-enter upon the property whenever it should be abandoned for school and church purposes." To the first part of the decree the defendant excepted, and has appealed and assigned errors; and to the last part, the complainants excepted, and have appealed and assigned errors.

Upon the evidence, it can hardly be insisted that there has been an abandonment of this property for school and church purposes by the public. The only testimony which tends to establish an abandonment is to the effect that the house had been neglected to such an extent that it was in bad repair and in a very dilapidated condition, and some time prior to the filing of the bill the public school was not taught in this house, because of the erection of a more commodious building at another place in the town, and the school property that had thereto-

fore been used in it was removed to the new building. It is shown, however, that the house was used for church purposes by different denominations, and for Sunday school purposes by the congregation of the Christian church up to about April before the execution of the last deed to Baker by Simpson. There is not an intimation in the record that the public has surrendered its rights in the property by any affirmative act upon its part. There is nothing to show but what it is intended at some future time to rebuild or repair the house and continue to use it for church and school purposes. It is not necessary that it should be used for the public schools alone, but under the terms of the grant by Simpson to the public it is sufficient that it shall be used by private schools, and if not used by any school it would be sufficient if it were used for church purposes only. The mere fact that the school directors, or other public officials intrusted with the care of this property, had neglected to repair it, is not evidence of an abandonment of its rights by the public. The chancellor so held, and we agree.

Under the assignment of error made by the complainants, it is proper to determine the effect upon the reserved right of re-entry in favor of Simpson in his deed of 1881, which should be given to his subsequent deeds of 1897 and 1907 to the defendant, Baker. It is insisted by the complainants that Simpson merely had a right of re-entry contingent upon the happening of the bare possibility of the abandonment of the property by

the public for the uses to which it was dedicated, and that, as his conveyance to the school directors divested him of all interest in the estate conveyed, this contingent right of re-entry is not a grantable interest in the property, and therefore the chancellor was in error in decreeing that Baker would become vested with a right of entry by virtue of his deed from Simpson whenever the public should abandon the property. We think this contention is sound. It is not every right in real estate that is the subject of grant. A bare possibility of an interest, which is uncertain, is not grantable. It must be an interest in the land existing in possession, reversion, remainder, by executory devise, or contingent remainder. The rule which passes the after-acquired title of a grantor under his covenants of warranty to his grantee is an apparent exception to the general principle just stated; but the exception is more apparent than real. In such case the grantee has his right of action for a breach of the covenant, and, when the grantor acquires the title after the breach, the grantee has such an inchoate interest in the title so acquired that it may well be said that he does not acquire a bare possibility of an interest, which is uncertain, within the meaning of the rule here stated; but upon his covenant of title he has a possibility coupled with an interest, which will cause the after-acquired title to pass to him immediately upon its acquisition by his grantor. So it may be said generally that a bare possibility of an interest in lands is not grantable. This is said with re-

spect only to conditions reserved in the deed. There seems to be a difference between conditions in law and in deed. If there is a breach of the conditions in law, a grantor, his heir, or assignee may avail himself of the right to enter; but conditions in deed are reserved to the grantor only, and are personal to him and his heirs, and a stranger cannot take advantage of the breach of the condition by entering and defeating the estate. It is a right which cannot be aliened, nor assigned, nor passed by a grant of the reversion at common law. The only mode of taking advantage of a breach of a condition in deed which has the effect to defeat or work a forfeiture of an estate is by entry, and this is true upon the principle that it requires as solemn an act to defeat, as to create, an estate. When such entry is made, the effect is to reduce the estate to the same condition, and to cause it to be held on the same terms, as if the estate to which the condition was annexed had not been granted. But, notwithstanding a breach of the condition, the estate, if a freehold, is only defeated by an entry made, and until there is a re-entry it loses none of its original qualities or incidents. The right of re-entry is at the election of him who has the right to enforce it, and, if he once dispense with it, he cannot afterwards enter for a subsequent breach of the condition. Wash. Real Prop., vol. 3, pp. 370, 371; Id., vol. 2, pp. 13-15; *Rice* v. *Boston & W. R. R.,* 12 Allen (Mass.), 141.

From the foregoing principles, it is clear that the conveyance by Simpson to Baker was a relinquishment of

Board v. Baker.

his right of re-entry and an election upon his part not to exercise it, and yet the interest which Simpson had in the estate before the breach of the conditions was a bare possibility coupled with no interest in the land, and was, therefore, not grantable. The decree of the chancellor holding to the contrary is reversed, and a decree will be entered here canceling the deeds of Simpson to Baker as clouds upon complainants' title, and decreeing that the complainants are the owners in fee and entitled to the immediate possession of the land sued for.

Other questions made upon the demurrer and plea of defendant were disposed of orally.