C. B. ATKINS *et al. v.* MRS. LAURA GILLESPIE *et al.**

(*Knoxville.* September Term, 1927.)

Opinion filed, November 21, 1927.

1. **TRUSTEES. CREATION OF ESTATE. DETERMINABLE FEE.**

An estate created in trustees by deed is either an estate in fee simple upon condition subsequent, or is a determinable fee. (Post, p. 140.)

2. **TRUSTEES. ESTATES. FEE SIMPLE UPON CONDITION SUBSEQUENT.**

An estate in fee simple upon condition subsequent does not cease or terminate upon the breaking of the condition, until a subsequent entry by those holding as the heirs at law of the grantor. (Post, p. 140.)

3. **TRUSTEES. ESTATES. DETERMINABLE FEE.**

If the estate be a determinable fee the title of the trustees would terminate upon the breaking of the condition without the necessity of an entry by the heirs at law of the grantor. (Post, p. 140.)

Citing: Yarbrough v. Yarbrough, 151 Tenn. (24 Thomp.), 221.

4. **TRUSTEES. ESTATES. "POSSIBILITY OF REVERTER." NOT ASSIGNABLE.**

Where an estate is created by a trust deed containing a reversion clause the "possibility of reverter" is not assignable even by the grantor. (Post, p. 141.)

Citing: Board of Education v. Baker, 124 Tenn. (16 Cates), 39.

5. **TRUSTEES. ESTATE CREATED. "POSSIBILITY OF REVERTER." MAY BE RELEASED BY GRANTOR.**

Where an estate is created by a trust deed containing a reversion clause the "possibility of reverter" may be released by the grantor in his lifetime. (Post, p. 141.)

Citing: Brill v. Lynn (Ky., 1925), 270 S. W. 20, 38 A. L. R., 1109; Coke on Littleton, sec. 467, pp. 272-275; Lampet's Case (1612),

---

*As to release of possibility of reverter, see annotation in 38 A. L. R., 1111.

10 Coke, 46a, 48a, 77 Eng. Rep. (Reprint), 997-998; Marks v. Marks (1718), 1 Strange, 129, 93 Eng. Rep. (Reprint), 429.

6. **TRUSTEES. ESTATE CREATED. "POSSIBILITY OF REVERTER." CONDITION SUBSEQUENT. DETERMINABLE FEE.**

Where there is a "possibility of reverter" created under a trust deed it may be released to the person or persons in whom the fee-simple title is vested by the persons who answer the description of heirs at law of the grantor at the time if the condition should be broken or the determinable fee should terminate at that time. (Post, p. 142.)

Citing: Adams v. Chaplin (1833), 1 Hill's Chy. Rep. (S. C.), 265, 273; Pearse v. Killian (1841), McMullan's Equity, 231.

7. **TRUSTEES. ESTATES. "POSSIBILITY OF REVERTER." PERPETUITY.**

"Possibility of reverter" being a vested interest in real estate is capable at all times of being released to the person holding the estate on condition, or his grantee, and, if so released, vests the indefeasible title thereto and does not create a perpetuity. (Post, p. 143.)

Citing: Fowlkes v. Wagoner, 46 S. W., 586; Yarbrough v. Yarbrough, 151 Tenn. (24 Thomp.), 221; Brattle Square Church v. Grant, 3 Gray (Mass.), 142, 63 Am. Dec., 725.

---

*Headnotes 1. Deeds, 18 C. J., sections 281, 426; 2. Deeds, 18 C. J., section 292; 3. Estates, 21 C. J., section 180; 4. Estates, 21 C. J., section 180; 5. Estates, 21 C. J., section 180.

---

## FROM KNOX.

---

Appeal from the Chancery Court of Knox County.— HON. ROBERT M. JONES, Chancellor.

CHAS. T. CATES, JR., and KENNERLY & KEY, for complainant.

POWERS & THORNBURG, for defendant.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

By deed executed May 8, 1834, James King conveyed a certain lot of real estate in Knox County to trustees named therein, the predecessors in trust of the complainants, C. B. Atkin et al. The *habendum* clause of this deed is as follows:

"To have and to hold the above described lot or parcel of land, situate, lying and being as aforesaid, to be held by them, the aforesaid Trustees and their successors in office, forever in trust, that they shall erect and build thereon a house of worship for the use of the Methodist Episcopal Church in the United States of America according to the rules and disciplines of the said Church, provided however, that if it shall at any time hereafter become necessary that these aforesaid Trustees or successors shall sell, abandon, or otherwise dispose of said house of worship, then in that case, the house alone shall be sold or disposed of and the lot shall revert to the said James King or his heirs."

A church building was erected on the premises by the original trustees, reconstructed at a later date, and the property has been held and used continuously by the original trustees and their successors in trust, to the present time.

The defendants to the present action include the only living heirs at law of James King, deceased, and all of their lineal descendants, including children and grandchildren. By proper averments of the bill, supported by publication and proper orders of the chancery court, the unknown heirs at law of James King, deceased, are also made parties defendants.

The pleadings properly present for our determination, whether a quitclaim deed, duly executed by the present heirs at law of James King, his next of kin, will vest in the present trustees an absolute fee-simple title to the

property, free from the reversionary right or interest created by the deed above referred to.

The Chancellor answered this question in the affirmative, holding that James King might have released and relinquished his reversionary right to the grantees, or their successors in trust; that upon his death the right of reversion was vested in his heirs at law, who are now his granddaughters, Mrs. Laura Gillespie and Mrs. Ella Lee, and that they, by their deeds, exhibits to the original bill, have lawfully conveyed the right of reversion to the present trustees, and have thereby "vested the complainants, as trustees of said church, with the fee-simple title thereto, free of any condition, limitation or encumbrance."

The appeal is by the guardian *ad litem* of certain minor defendants who will become heirs at law of James King, upon the death of the present heirs at law.

*(1)* The estate created in the trustees by the deed of James King is either an estate in fee-simple upon condition subsequent, or is a determinable fee. *(2)* If the first, the estate of the trustees would not cease or terminate upon the breaking of the condition, until a subsequent entry by the heirs at law of James King. *(3)* If the estate created be a determinable fee, the title of the trustees would terminate upon the breaking of the condition, without the necessity of an entry by the heirs at law. *Yarbrough* v. *Yarbrough,* 151 Tenn., 221.

We do not find it necessary to determine herein whether the estate created by the deed of James King is a fee-simple estate upon condition, or a determinable fee, although the language of the deed more strongly inclines us to the opinion that it is an estate upon condition, as held by the Chancellor.

*(4)* In either event, the right reserved to the grantor and his heirs at law is what is known as "a possibility of reverter," as distinguished from the right of reversion.

It is well settled that this "possibility of reverter" is not assignable, even by the grantor. *Board of Education* v. *Baker,* 124 Tenn., 39.

*(5)* It is equally well settled that this "possibility of reverter," although it may not be assigned, may be released by the grantor during his lifetime. *Brill* v. *Lynn* (Ky., 1925), 270 S. W., 20, 38 A. L. R., 1109.

And this power to release a future right of entry upon condition broken, is sustained by the early English authorities. Coke on Littleton, sec. 467, pp. 272-275; Lampet's Case (1612), 10 Coke, 46a, 48a, 77 Eng. Rep. (Reprint), 997-998; *Marks* v. *Marks* (1718), 1 Strange, 129, 93 Eng. Rep. (Reprint), 429.

The report of Lampet's Case, supra, contains the following:

"And first was observed the great wisdom and policy of the sages and founders of our law, who have provided, that no possibility, (e) right, title, nor thing in action, shall be granted or assigned to strangers, for that would be the occasion of multiplying of contentions and suits, of great oppression of the people, and chiefly of *terre-tenants,* and the subversion of the due and equal execution of justice. . . . But all rights, titles and actions may by the wisdom and policy of the law be released to the *terre-tenant,* for the same reason of his repose and quiet, and for avoiding of contentions and suits, and that every one may live in his vocation in peace and plenty."

In *Marks* v. *Marks,* supra, the following appears:

"And though it is there said (Shelley's Case, 1 Coke, 98) that a future interest or possibility cannot be released, yet that was before Lampet's case, where it is determined that such a possibility may be released; and I believe that would be so now."

*(6)* We are of the opinion that this "possibility of reverter" may be released to the person or persons in whom the fee-simple title is vested, by those persons who answer the description of heirs at law of the grantor at the time of the execution of the release, and who would have the right to the estate if the condition should be broken, or the determinable fee should determine, at that time.

In *Adams* v. *Chaplin* (1833), 1 Hill's Chy. Rep. (S. C.), 265, 273, the opinion of Chancellor HARPER, *arguendo,* says:

"Preston says expressly, after speaking of fees determinable, 'On these instances, and indeed, on all limitations which can be ranked under this class, it is observable that the reversion or remainder expectant on these estates, or the *possibility of reversion,* must remain in some person; and that a release or other proper assurance from that person, will give to this estate the quality of a simple and absolute fee.'—1 Preston on Estates, 440, 441. If this fee conditional had been given to another person, by the will of John Chaplin, the elder, it would hardly have been doubted but that his son and heir at law might have released the possibility of reversion."

In *Pearse* v. *Killian* (1841), McMullan's Equity, 231, the Court of Appeals of South Carolina held that a fee-simple conditional estate may be converted into an absolute fee simple by the release of those persons who answer the description of heirs at law of the grantor at the

time of the execution of the release. Referring to *Adams* v. *Chaplin, supra,* the court said:

"I refer to that case for the general reasoning. In the quotation from Preston on Estates, 440, 441, he seems to regard it as familiar law. 'On these instances, and indeed, on all limitations which can be ranked under this class, it is observable that the reversion, or remainder expectant, on these estates, or the possibility of reverter, must remain in some person, and that a release from that person will give to this estate the quality of a simple and absolute fee.' So it is said by Lord HARDWICKE, in *Wright* v. *Wright,* 1 Vesey (Sr.), 411, that every possibility may be released."

Previous opinions of this court are in accord with the foregoing holding.

(7) In *Fowlkes* v. *Wagoner,* 46 S. W., 586, a learned opinion by the late Chief Justice NEIL, while a member of the Court of Chancery Appeals, and again in *Yarbrough* v. *Yarbrough,* 151 Tenn., 221, extended quotations are made from *Brattle Square Church* v. *Grant,* 3 Gray (Mass.), 142, 63 Am. Dec., 725. In the quotation appearing in *Yarbrough* v. *Yarbrough,* 151 Tenn., 232, it was pointed out that the possibility of reverter which remained vested in the grantor, upon a creation of a fee estate of a base or determinable nature in the grantee, is not liable to the objection of violating the rule against perpetuities to the same extent as other conditional and contingent interests of an executory character. The court then stated the reason as follows:

"The possibility of reverter, being a vested interest in real property, is capable at all times of being released to the person holding the estate on condition, or his grantee, and, if so released, vests an absolute and indefeasible title thereto. The grant or devise of a fee on

condition does not, therefore, fetter and tie up estates, so as to prevent their alienation, and thus contravene the policy of the law which aims to secure the free and unembarrassed disposition of real property.''

The clear import of the quoted language is that the possibility of reverter may at all times be released to the owners of the fee conditional or determinable, by the heirs at law of the grantor of the deed prescribing the condition. Such, we must conclude, was the conclusion of this court in the previous opinions cited.

The decree of the Chancellor will be affirmed.