C. O. Pickens et al., Petitioners,

*v.*

J. E. Daugherty et ux., Respondents.

397 S.W.2d 815.

(*Knoxville,* September Term, 1965.)

Opinion filed December 6, 1965.

Petition for Rehearing Denied January 10, 1966.

THOMAS E. MITCHELL, Johnson City, for petitioners.

CURTIN, HAYNES & WINSTON, Bristol, for respondents.

Mr. Justice Chattin delivered the opinion of the Court.

On January 18, 1884, Nathan Gregg conveyed a tract of land containing one-half acre to Sullivan County for school purposes. The applicable provisions of the deed are as follows:

"The conditions of the above gift is that the said E. R. King, N. Hughes and J. F. King, School Directors as aforesaid, and their successors in office are to erect on the said parcel of land a good and suitable house for the purpose of having taught therein a public free school to the use and benefit of said public free school, the same is to be at all times used but if at any time the same shall cease to be used for said public free school purpose then the title to said piece or parcel of land is to revert back to the said Gregg, his heirs and assigns in as full and ample a manner as if this instrument had never been given."

The one-half acre tract was carved out of a tract of 149 acres owned by Gregg. On July 14, 1903, the Executor under the will of Nathan Gregg conveyed the entire 149 acres, including the school lot to Graves, et al. This deed makes no reference to the lot previously granted for school purposes. By other mesne conveyances, likewise containing no reference to the school lot, Daugherty and wife became the owners of the property. They were in possession of 148.5 acres under their deed when Sulli-

van County, in 1962, by resolution of its County Court, abandoned the property as a school site.

Petitioners, C. O. Pickens, and others, as the heirs at law of Nathan Gregg, filed the bill in this case in which they alleged the respondents, J. E. Daugherty, et ux., had procured the keys to the school building and were claiming the property by virtue of their deed. They further alleged petitioners were the rightful owners of the school lot because the lot reverted to them as the heirs of Nathan Gregg under the provisions of the deed above quoted. The prayer of the bill was that they be declared the owners of the lot and a mandatory injunction issue requiring the respondents to surrender possession of the lot to petitioners.

The respondents answered and admitted they were claiming the school lot by virtue of their deed, the calls of which embraced the one-half acre in controversy.

They averred in their answer that the common law rule which formerly prevailed in Tennessee to the effect a reversionary interest in the nature of a possibility of reverter was not assignable has now been changed by T.C.A. Section 64-501, which provides:

"Every grant or devise of real estate, or any interest therein, shall pass all the estate or interest of the grantor or devisor, unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied in the terms of the instrument."

They further averred that in the event the deed of Gregg's Executor did not convey his "right of entry for breach of condition" or "possibility of reverter," nevertheless the attempted conveyance by that deed extinguished the right of his heirs to re-enter after a breach

of the condition and therefore the heirs of Gregg had no right to maintain the suit.

■ The Chancellor correctly held the possibility of reversion contained in the Gregg deed to the School Directors was not an alienable right. *Board of Education of Humphreys County v. Baker,* 124 Tenn. 39, 134 S.W. 863 (1910); *Yarbrough v. Yarbrough,* 151 Tenn. 221, 269 S.W. 36 (1924); *Atkins v. Gillespie,* 156 Tenn. 137, 299 S.W. 776 (1927); *Newman v. Ashe,* 68 Tenn. 380 (1876).

He held, however, the school lot reverted to petitioners as the heirs of Nathan Gregg, in 1962, when Sullivan County, by resolution of its County Court, abandoned the property as a school site.

Respondents appealed to the Court of Appeals. That Court found the Chancellor had pretermitted the question raised by respondents' answer that the attempt of Gregg's Executor to convey the possibility of reverter contained in the deed to the School Directors extinguished the right of Gregg's heirs to re-enter upon the abandonment of the property by Sullivan County for school purposes with the result petitioners are without a right to maintain the suit.

■ The Court of Appeals correctly found the deed of Nathan Gregg to the School Directors created an estate upon a condition subsequent.

The Court of Appeals then found the question of the extinguishment of the right of re-entry after condition broken by the attempted conveyance of Gregg's Executor was improperly pretermitted by the Chancellor. That Court further found petitioners lost the right to re-enter and claim the land after Sullivan County abandoned the

property for school purposes because of the attempted conveyance by Gregg's Executor to Graves et al. That Court held the action of Gregg's Executor extinguished the right of re-entry altogether. Accordingly, the Court of Appeals held petitioners had no title to the school lot entitling them to maintain their suit and dismissed the suit on that ground.

We have granted certiorari. Both parties have assigned errors.

Petitioners assign as error the action of the Court of Appeals in finding the attempted conveyance of the right of re-entry extinguished the right altogether.

The Court of Appeals in reaching the conclusion the attempted conveyance of the school lot by Gregg's Executor extinguished the right of re-entry altogether relied upon the authority of *Board of Education of Humphreys County v. Baker,* supra. It was held in that case an attempted conveyance of a right of re-entry upon a breach of conditions subsequent extinguished the right altogether and in such event the property remained in the grantee; and that such attempted conveyance was a cloud upon the title of the grantee.

In 33 Am.Jur., Life Estates, Remainders, etc., Section 210, page 693, it is said, except where abrogated by statute this common law rule of extinguishment by waiver resulting from an attempt to convey a right of re-entry for condition broken has persisted despite attacks upon it.

However, it is difficult for us to understand the logic of this rule. How can it be said the right of re-entry upon condition broken is inalienable but an attempt to

convey it destroys the right altogether? How can it be said that which does not pass does not remain?

This same rule was approved in Restatement of the Law, Property, Future Estates, Section 160, Comment (C) (1936). But the position of the 1936 restatement was reversed in 1948. See Restatement of the Law, Property, Section 160, Comment (C), (Supp.1948), wherein it is said:

"An attempt to transfer a power of termination, which under the rule in this section is ineffective to make such transfer, does not destroy the power of termination. The ineffective attempt to part with the interest is no sufficient basis for forfeiting the interest and thereby relieving the land from all further obligation under the condition subsequent. No sound historical or practical basis exists for the opposite."

It is further stated in Restatement the doctrine of extinguishment is undesirable and questionable in its foundations. In fact, Restatement affirms that no English decision supporting the rule of extinguishment "has ever been found," and that "no rational or adequate historical basis for the rule has ever been suggested."

"This seems to be an unduly harsh penalty for an attempted alienation which did no harm because it was ineffective to pass the interest." American Law of Property, Volume I, Section 4.69, page 529.

We agree the rule is unsound and illogical and for that reason we think the case of *Board of Education of Humphreys County v. Baker,* supra, should be overruled insofar as it approves the doctrine of extinguishment and we so hold.

■ In other words, it is our opinion the attempted conveyance of Gregg's Executor was ineffective to destroy or extinguish the right of re-entry on condition broken altogether; and the right of re-entry upon condition broken remained in Gregg's heirs despite the conveyance.

■ The rule at common law is a right of re-entry upon condition broken is inalienable.

In *Board of Education of Humphreys County v. Baker,* supra, the rule was stated to be:

"It is not every right in real estate that is the subject of grant. A bare possibility of an interest, which is uncertain, is not grantable. It must be an interest in the land existing in possession, reversion, or remainder, or by executory devise, or contingent remainder."

This State is a common law state and unless our statute, T.C.A. 64-501, as insisted by respondents, abrogates the common law rule, it still persists in this State.

■■ The purpose of T.C.A. Section 64-101 and T.C.A. Section 64-501 was to abolish the common law rule requiring words of inheritance as an indispensable prerequisite to the creation of an absolute estate in fee simple. And since the enactment of these statutes, the courts look to the whole instrument, without reference to formal common law divisions of deeds and common law rules of construction in order to ascertain the intention of the parties, and will not allow technical rules to override the intent. *Kirk v. Burkholtz,* 3 Cooper's Tenn.Ch. 421 (1877); *Nichols v. Todd,* 20 Tenn.App. 564, 101 S.W. 2d 486 (1936); *Pipkin v. Lentz,* 49 Tenn.App. 206, 354 S.W.2d 87 (1961).

358

■ The effect of the statutes are to abolish the technical rules of the common law in construing deeds and to permit courts to look to the four corners thereof to arrive at the intention of the parties.

■■ It is our opinion it was not the intention of the Legislature a bare possibility of an interest in land would pass as an "interest therein" by virtue of these statutes.

"It is settled law in this State that rules of the common law are not repealed by implication * * * 'if the statute does not include and cover such a case, it leaves the law as it was before its enactment.' " *Southern Railway Company v. Maples,* 201 Tenn. 85, 296 S.W.2d 870 (1956); *Rush v. Great Am. Ins. Co.,* 213 Tenn. 506, 376 S.W.2d 454 (1964).

■ Consequently, we think the right of re-entry on condition broken did not pass to respondents by the deed of Gregg's Executor. Gregg being without the power to convey it, he could not empower his Executor to do so. This being true, the right of re-entry upon condition broken passed eo instante to Gregg's heirs. Thus, the deed of Gregg's Executor was ineffective insofar as it purported to convey and warrant title to the school lot.

It is next insisted by respondents the Court of Appeals was in error in not holding the respondents, even if the petitioners had the right of re-entry, it would pass to them by virtue of the covenants of warranty in their chain of title from the original grantors, the Executor of Gregg. In other words, the after acquired title would inure to the benefit of the respondents under the warranty of title.

■ However, it is our opinion we cannot adjudicate title to the school lot under this record. To do so we would have to adjudicate an abandonment of the property by Sullivan County ex parte as to it and a re-entry by petitioners who have been prevented from doing so by the acts of respondents.

■ Some act of re-entry on the part of the heirs is necessary to re-vest title for breach of a condition subsequent. *Atkins v. Gillespie,* supra; *Williamson v. Grizzard,* 215 Tenn. 544, 387 S.W.2d 807 (1965).

We overrule respondents' assignments of error and sustain petitioners' assignment.

As indicated we merely hold the heirs of Gregg have the right of re-entry upon a breach of the conditions contained in the deed of Gregg to Sullivan County.

The decree of the Court of Appeals in this respect is reversed. The decree of the Chancellor is also reversed. A decree will be entered in this Court in conformity with this opinion and the case remanded to the Chancery Court of Sullivan County for the enforcement of the decree.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CRESON, JUSTICES, concur.

On Petition to Rehear

MR. JUSTICE CHATTIN:

Respondents have filed a very forceful and dignified petition to rehear. It is insisted we overlooked and, "failed to pass upon the question raised by them to the effect that the grantor, Nathan Gregg, who created this estate upon condition subsequent, specifically provided

that upon a breach of same the title to said property should revert back to his assigns," and thus the rule of common law that a right of re-entry on condition subsequent broken was inalienable was inapplicable.

In other words, it is insisted Gregg, who created the condition, had the right to designate the person or persons who would have the right of re-entry upon condition broken.

In support of this insistence respondents rely on the following headnote quoted from *Yarbrough v. Yarbrough,* 151 Tenn. 221, 269 S.W. 36 (1924):

"To defeat 'estate upon condition,' some act, such as making entry, must be done, but happening of specified event itself terminates 'estate upon conditional limitation,' and estate thereupon goes at once to grantor by reverter, or to person to whom limited on happening of such contingency."

This headnote is apparently made up from the last two sentences of the last paragraph on page 229 of the opinion 269 S.W. p. 38. When the entire paragraph is read it will be seen it distinguishes an estate upon condition and an estate upon conditional limitation. The paragraph reads:

"The distinction between an estate upon condition and a conditional limitation is thus drawn by Mr. Washburn:

" 'In this and many other respects, an estate upon condition, properly speaking, differs from what is known as a conditional limitation. In either case, the estate is a conditional one. But in the one, though the event happen upon which the estate may be defeated

it requires some act to be done, such as making an entry, in order to effect this. In the other, the happening of the event is, in itself, the limit beyond which the estate no longer exists, but is determined by the operation of the law, without requiring any act to be done by any one. In case of a condition at common law, the grantor or his heirs alone can defeat the estate by entry for condition broken. In a conditional limitation, the estate determines, ipso facto, upon the happening of the event, and goes over at once to the grantor by reverter, or to the person to whom it is limited upon the happening of such contingency.' "

Respondents also cite the case of *Banner Baptist Church v. Watson,* 193 Tenn. 290, 246 S.W.2d 17 (1952); as authority for their contention, but a careful reading of that case the common law rule that a right of re-entry upon condition broken was inalienable is not discussed. Nor is the question of whether at common law a grantor could designate some third person other than himself or his heirs who would have the right to re-enter on condition broken.

In any event the common law rule, as we pointed out in our original opinion, is that a right of re-entry on condition broken is inalienable. If it is inalienable, a grantor's purported assigns of the right could take nothing. That is what we said in our original opinion.

Respondents again insist we should hold the right of re-entry upon condition broken to be alienable; and also that we should decree an abandonment of the property by Sullivan County notwithstanding the fact the County was not made a party to the suit.

362

 We considered these matters in our original opinion.

"The office of a petition to rehear is to call attention of the court to matters overlooked, not to those things which the counsel supposes were improperly decided after full consideration." *Louisville & N. R. R. Co., v. United States Fidelity & Guaranty Company,* 125 Tenn. 658, 148 S.W. 671 (1911).

Respondents' petition to rehear is denied at their costs.