* No petition for Certiorari was filed with the Supreme Court; however, according to the rules of this Court, the Presiding Judge and a special committee of the entire Court of Appeals have approved publication.

**WAR MEMORIAL LIBRARY, Plaintiff-Appellee,**

v.

**FRANKLIN SPECIAL SCHOOL DISTRICT and the City of Franklin, Defendants-Appellants.**

Court of Appeals of Tennessee, Middle Section.*

Feb. 22, 1974.

Tyler Berry, III, Franklin, for plaintiff-appellee.

C. D. Berry and Cletus W. McWilliams, Franklin, for defendants-appellants.

## OPINION

TODD, Judge.

This is a suit for a declaratory judgment that the fee simple title to certain real estate is vested in the plaintiff, War Memorial Library, and for a decree removing all clouds on said title. From a decree in favor of plaintiff, the defendants, Franklin Special School District, Karl Warden and James Hughes Butler, have appealed.

The subject property in downtown Franklin, Tennessee, was occupied and used as a school for many years until the building thereon was destroyed by fire several years ago. According to the complaint, the property is composed of three tracts numbered 1, 2 and 3. However, counsel agree that Tract No. 1 has previously been appropriated for other public use; hence the title to that tract is not an issue on this appeal. Tract No. 2 comprises .47 acres, and Tract No. 3 comprises 1.2 acres, so that a total area of 1.67 acres is involved.

There is no dispute as to the instruments which form the chains of title of the two tracts. The issue involves an interpretation and application of certain verbiage appearing therein.

Tract No. 2 was conveyed to the Town of Franklin on August 15, 1922, by deed of a Special Master in Chancery pursuant to a decree of Chancery Court. Said deed contains the following phraseology:

". . . *in fee simple, to be held by it in trust and perpetually for school purposes, for the education of white children in the Town of Franklin, provided however that if conditions should arise making a change in location of the school buildings and grounds necessary that the town of Franklin through its Board of Mayor and Aldermen, or any municipality and governing body that may succeed to the powers and jurisdiction now exercised by the Town of* Franklin and its Board of Mayor and Aldermen *shall have the power to sell said lot* and real estate, and make conveyances of same in fee, *but upon and with the understanding that the whole of the proceeds of such sale shall be invested in other real estate for like school purposes, in some locality more conveniently located, the following described real estate, to wit*:

(Here follows a detailed description)

To have and to hold said real estate, with all the hereditaments and appurtenances thereto belonging to said town of Franklin, a municipal corporation, and its successors and assigns, in fee simple, *to be held by it in trust and perpetually for school purposes, for the education of white children in the Town of Franklin,* provided however that if conditions

should arise making a change in location of school buildings and grounds necessary that the town of Franklin through its board of Mayor and Aldermen, or any municipality and governing body that may succeed to the powers and jurisdiction now exercised by the Town of Franklin and its Board of Mayor and Aldermen shall have the *power to sell* said lot and real estate, and make conveyances of same in fee, but upon and with the understanding that the *whole of the proceeds of such sale shall be invested in other real estate for like school purposes,* in some locality more conveniently and suitably located. (Emphasis supplied)

Tract No. 3 was originally conveyed to trustees in 1847 "for the purpose of promoting female education in the town of Franklin." In 1906, the Trustees of Franklin Female Institute conveyed Tract No. 3 to the School Directors of School District No. 9 by deed containing the following:

". . . in *trust* for the use and benefit of said School District No. Nine (9) *and to be used exclusively for the purpose of a public school for white children in said district*—said district *always to include* within its limits *the whole of the town of Franklin,* . . . ."

Subsequently, in 1907, the School Directors of School District No. 9 conveyed Tract No. 3 to the Town of Franklin by a deed which incorporated verbatim an ordinance of the town which undertook to establish a public school upon the "old Institute lot."

The ordinance, as copied into the deed, provides for the establishment of a school in Franklin, Tennessee, upon the "old Institute" Lot "for the uses and purposes of a public school for white children in said town"; for the town board of education to act jointly with the School Directors of School District No. Nine "to ascertain and fix the respective interests."

Said deed contains other provisions, as follows:

"Now, therefore, for the purpose of carrying into effect the contemplated plan to erect a public school building on said property, for the use of the white children of the Town of Franklin and for the purpose of *so vesting the title to said property that the interests of the Town of Franklin and of the white scholastic population thereof and of the scholastic population of school District No. Nine in the County of Williamson, residing outside of the Town of Franklin,* may be fully ascertained and determined.

. . . . . . .

" . . . To have and to hold the aforesaid property together with all the rights, privileges and estate thereunto belonging unto the Town of Franklin and its successors and assigns, *for the uses, purposes and trusts aforesaid, forever. But this conveyance is made subject to the aforesaid agreements, conditions, trusts and reservations.*"

On August 21, 1971, the town of Franklin executed a "Quitclaim Deed" conveying both Tracts 2 and 3 to the War Memorial Public Library "for the purpose of giving support to the Party of the Second Part (Library) pursuant to the authority granted by § 10–301 of the Tennessee Code Annotated."

On September 10, 1971, the plaintiff, War Memorial Library, filed its complaint against Franklin Special School District and the City of Franklin, alleging that plaintiff was a non-profit corporation; that it desired to construct a modern public library upon Tracts 2 and 3; that the City of Franklin has transferred its interest in the land to plaintiff for said purpose; and that Franklin Special School District claims to be the successor of Franklin School District No. 9, claims an interest in said property and will not consent to the proposed use thereof. The complaint prayed for a declaratory judgment that a

fee simple title was vested in plaintiff by said quitclaim deed of the Town of Franklin and for removal of all clouds upon said title.

The answer of Franklin Special School District alleged that it is the successor in interest of Franklin Special School District No. 9, and any other Board of Education of the Town of Franklin, relied upon the deeds heretofore set out, and asserted that the Town of Franklin holds both said tracts in trust for the purposes set out in said deeds. The answer of said defendant further alleged that, on August 14, 1961, the Town of Franklin entered into an agreement with this defendant to sell both tracts and divide the proceeds. Said answer denied that the construction of a public library complied with the trust purposes included in the aforementioned deeds and asserted that the attempted conveyance of the subject property to plaintiff was in violation of trust provisions and void.

Said answer also alleges that all proper parties were not before the Court in that there were no representatives of the school population or taxpaying population of the Ninth Civil District of Williamson County, Tennessee within and without the Town of Franklin. The answer of this defendant prayed for no special relief, but merely dismissal with costs.

On January 26, 1972, an amended complaint was filed adding as party defendants the following:

Karl Warden, as representative of taxpayers both inside and outside the City of Franklin.

James Hughes Butler, a minor, as representative of the scholastic population of Franklin. Karl Warden was subsequently appointed guardian ad litem for this defendant.

The State of Tennessee, as representative of Franklin Female Institute.

Mrs. Paul Harris, as representative of the heirs of Will S. McGann.

R. H. Will, whose heirs were alleged to be unknown.

The City of Franklin answered, admitting the allegations of the complaint, admitting the alleged agreement with Franklin Special School District, and submitting all questions of law to the court.

Karl Warden answered, admitting generally the factual allegations, but insisting that the property was held in trust for the purposes set out in said deeds, and no other, and praying that rights of the beneficiaries of the trust be declared and protected by suitable proceedings.

The answer of the guardian ad litem for James Hughes Butler was to the same effect.

No answer was filed by the State of Tennessee.

Mrs. Paul Harris filed an answer denying parts of the complaint and demanding strict proof of all of same.

Publication was had for R. H. Will, but no answer was filed in his behalf.

The cause was heard on December 13, 1972, upon the testimony of Horace Edgman, Tax Assessor, Mrs. Walter Carlisle, Chairman of the Board of plaintiff, and the defendant, Karl Warden, together with statements of counsel in open court.

On June 11, 1973, a decree was entered containing the following:

"3. The conveyance of Tract Two described in the complaint (Exhibit B thereto) to the Town of Franklin by its terms created an enforceable charitable trust for the benefit of the scholastic population of the Town of Franklin.

4. The conveyance of Tract Three described in the complaint (Exhibit C thereto) to the Town of Franklin by its terms created an enforceable charitable trust not only for the benefit of the scholastic population of the Town of Franklin but also for the benefit of the

scholastic population of School District No. 9 residing outside the Town of Franklin; the defendant, Franklin Special School District being the successor in interest to the School Directors of School District No. 9 in the County of Williamson and also to any Board of Education at any time heretofore appointed or elected by the Town of Franklin.

. . . . . .

6. The word 'white' appearing in the instruments relating to Tracts Two and Three is discriminatory language and same shall be deleted without voiding the instruments themselves or altering the provisions of the respective trusts, the Court finding that such change is not inconsistent with the manifest intent of the respective grantors.

7. The quitclaim deed from the City of Franklin to the plaintiff, War Memorial Library, etc. as to Tracts Two and Three quitclaimed whatever interest the City of Franklin had in said tracts subject, however, to the charitable trusts with which the conveyances to the Town of Franklin were respectively impressed.

8. The use of the subject property, Tracts Two and Three for the erection of a public library is within the meaning and intent of the respective trust provisions relating to use of said property and it is not a breach of trust for the defendant, City of Franklin, to convey to the plaintiff, without consideration, the real property in question."

In view of the disposition of this appeal, the failure to appoint a guardian ad litem for the unknown heirs of the original owners, and the entering of a default against the heir who answered is deemed immaterial at this time.

On appeal to this Court, the appellants assign the following errors:

I.

"The Lower Court erred in finding that the use of the subject property, Tract Two and Tract Three, for the erection and maintenance of a public library was within the meaning and intent of the respective trust provisions relating to the use of said property.

II.

"The Lower Court erred in finding that it was not a breach of trust for the defendants, City of Franklin, to convey to the plaintiff, without consideration, the real property in question.

III.

"The Court erred in apparently basing its holding that the use of the subject property, Tract Two and Tract Three, for the erection and maintenance of a public library was within the meaning and intent of the respective trust provisions relating to the use of said property on the erroneous conclusion that defendants insisted exclusively upon the maintenance of a school building on Tracts Two and Three in order for the beneficiaries of said respective trusts to receive what they were entitled to."

Appellees take no issue with the finding of the Chancellor, that the conveyance of Tract No. 2 to the Town of Franklin created an enforceable charitable trust for the benefit of the scholastic population of Franklin and that the conveyance of Tract No. 3 to the Town of Franklin created an enforceable charitable trust in favor of the scholastic population of Franklin *and* the scholastic population of School District No. 9 outside the city limits of Franklin; however, appellees insist that the Chancellor correctly held that the proposed use of the land by plaintiff for a public library was within the meaning and intent of provisions of the trust instruments.

The decree of the Chancellor did not specifically state the purposes of the two trusts; but such purposes are plainly stated in the conveyances heretofore quoted. In respect to Tract No. 2, the purpose is stated:

" 'in trust perpetually for school purposes,' to be sold only for 're-investment' in other real estate for like purposes."

In respect to Tract No. 3, the purpose is stated:

" 'to be used exclusively for the purpose of a public school for white children in said district.' and 'for the purpose . . . the plan to erect a public school building on said property.' "

Thus, in order to review the conclusion of the Chancellor as to the appropriateness of the proposed library use, this Court must, and does, find as a fact that the immediately preceding quotations state the purposes of the charitable trusts declared by the Chancellor, and further concurs with the Chancellor's findings as to the beneficiaries of said trusts.

Appellee first insists that the Chancery Court has inherent power to interpret a trust so as to carry out the ultimate purpose of the settler, even to the extent of ordering actions that are contrary to or in deviation from the express or literal terms of the trust instrument, citing Bennett v. Nashville Trust Co., 127 Tenn. 126, 153 S. W. 840 (1912). In that case, there was a testamentary trust deferring the payment of a bequest to the beneficiary until her twenty-fifth birthday. The Court held that, in view of the financial needs of the beneficiary, it was error to refuse to allow the use of the income for her education. Said authority, involving only one beneficiary and only an acceleration of benefits, is hardly controlling in the present case which involves two large classes of beneficiaries and an attempt to change the nature of benefits named in the trusts.

Appellee cites 54 Am.Jur., Trusts, § 284, for the proposition that a court of equity is empowered to authorize a deviation from stated trust purposes upon unusual, emergency or extreme circumstances. Said authority emphasizes that such action is authorized only upon unusual circumstances, and should not exceed the actual necessities of the situation.

No unusual, emergency or extreme circumstances are shown in the present record.

Appellees cite authority for the power of Chancery to order a sale of trust property, but such is not the purpose of the present suit.

Appellees insist that a public library is an educational institution and does serve a charitable purpose, citing Gibson v. Frye Institute, 137 Tenn. 452, 193 S.W. 1059 (1916), which involved the validity of a testamentary bequest to establish the "Frye Institute" to provide "library, lecture halls, dance halls, and other rooms and appliances for the maintenance of good moral amusements." The Supreme Court held the project to be charitable in spite of its provision for amusements. If the trusts imposed upon Tracts No. 2 and 3 were for generally charitable purposes, there would be no ground for objection to the use of the property for a public library. Public libraries are useful, desirable eleemosynary institutions which, in varying degrees, assist and promote the educational and cultural improvement of the general public. Gibson v. Frye Institute does hold that a library is charitable, but does not hold that a "public library" is a "school purpose."

Appellees insist that the words "to be used for school purposes" do not create a condition in a deed, citing William Walker et al. v. Shelby County School Board, 150 Tenn. 202, 263 S.W. 792 (1923), wherein there was a bill to enforce a reversion for default in condition. The Court held that the words of the deed would not support a forfeiture or a reversion. The demurrer,

which was overruled by the Chancellor, but sustained by the Supreme Court, said:

"(1) That so long as defendants used the proceeds of the sale of the lot or parcel of land in question for school purposes, and exclusively for white children, there can be no violation of any provision in the deed from complainants to defendants." 150 Tenn. p. 204, 263 S.W. p. 792.

Appellees insist that a trustee has discretion in the use of trust property and that the courts will not interfere with a bona fide attempt to perform a trust, citing Southwestern Presbyterian University v. Clarksville, 149 Tenn. 256, 259 S.W. 550 (1923). Said case involved the removal of a college from Clarksville to Atlanta, Georgia because it was believed that more beneficiaries of the trust could be served in Atlanta than in Clarksville. The trust instrument was broad enough to include residents of other states, and the Supreme Court held that the proposed move did not violate the purposes of the trust. It was also held that the removal would not effect a forfeiture or reverter under the trust instrument. Since no change in purpose or beneficiaries was involved, said decision is not controlling in the present case.

Appellees insist that any conditions created by the trust instruments have been fulfilled, citing Southwestern Presbyterian University v. Clarksville, supra. In said case, the Court said that the operation of the college in Clarksville for fifty years was sufficient performance of the *condition* (not trust) imposed in the trust instrument. In said case, the Court refused to enforce a forfeiture for condition but did not permit a trustee to abandon the purpose of the trust.

Appellees rely also upon Higbee v. Rodeman, 129 Ind. 244, 28 N.E. 442 (1891). However, said case also involved an attempt to enforce a forfeiture and reversion, and the Indiana Court found that the deed (which had been lost and could not be supplied) did not create a condition for forfeiture. The case did not involve the enforcement of a trust, but rather an alleged condition.

Appellees insist, correctly, that the City of Franklin has the power to support a public library, TCA § 10–301. However, this does not authorize the city to use property held by it *as trustee* contrary to the purpose of the trust.

Newman v. Ashe, 68 Tenn. 380 (1876) cited by appellee, was not a suit to enforce a trust, but rather to enforce a forfeiture and reversion for failure to perform a condition. The Supreme Court said:

"It is argued that the failure of the corporation to erect the reservoir and hydrant within the time indicated was a breach of the condition upon which the land was conveyed, and gave to Morgan the right to avoid the conveyance by a re-entry. We hold that this is not a proper construction of the deed; that the conveyance was absolute and unconditional; that the undertaking of the mayor and aldermen to erect the hydrant was a part of the consideration of the conveyance, and *Morgan might or might not have had his remedy for the nonperformance of this undertaking*; but there is nothing in the deed to show that a failure to perform this undertaking was to forfeit the title to the land, or cause it to revert to the grantor." 68 Tenn. 384, 385. (emphasis supplied)

In Goodman v. State, 49 Tenn.App. 96, 351 S.W.2d 399 (1960), cited by appellees, the testator devised a trust fund for purchase of a lot, construction of a building and to provide a library and public lecture facilities for the stated purpose:

"to afford to the future youths who may desire information upon such practical and useful subjects as will be beneficial in life, . . ." 49 Tenn.App., p. 105, 351 S.W.2d p. 403.

Quoting said intention, this Court approved a sale of the realty for continuance of the same activity at a different location

in Memphis for the benefit of the same beneficiaries.

The question of sale for more efficiently carrying out the purposes of the trust is not involved in this appeal. Hence, Goodman v. State is not in point.

■ Appellees contend that the Chancellor correctly held that the imputed intent and ultimate purpose of the original settlors was something other than the literal words stated in the quoted deeds. This Court does not agree with the finding of the Chancellor that the conveyance of the subject property to a public library is a performance of the trusts for school purposes and for the benefit of a certain scholastic population. The evidence in this record does not support such a finding.

Diligent research has failed to disclose any authorities exactly in point; however, various decisions have recognized the distinction between library purposes and school purposes.

In State ex rel. Benson v. Union Elec. Co. of Mo., 359 Mo. 35, 220 S.W.2d 1 (1949), there was a suit to collect a "library tax." The Court said:

"Obviously, it was intended that library taxes on distributable property should be assessed, apportioned and taxed in the same manner that school taxes are treated even though *the tax itself is not a tax for 'school purposes.'*" 220 S.W.2d p. 5 (emphasis supplied)

Granting that a "school library" operated by a school or school board might, under proper circumstances, constitute a school purpose, no satisfactory grounds appear in this record for holding that a charitable corporation operating a public library is, ipso facto, a school purpose.

The Chairman of the Board of plaintiff testified at some length regarding the benefits extending from the library to the schools; however, there is no evidence that there is any official connection, by contract or otherwise, which would make the plaintiff a part of any school system.

The complaint states:

"That the plaintiff, War Memorial Public Library, is a non-profit corporation established by Charter of the State of Tennessee, date April 26, 1948;"

The record does not disclose the nature of said charter, especially the purposes of the corporation. They must therefore be presumed to be those usually associated with a free public library. There can be no presumption of any charter provision which would characterize this library as a "school purpose" any more than any other ordinary public library. The charter purpose, rather than the best intentions of the operators must control in a decision upon title to land.

■ It is always a difficult and distasteful task to deny a benefit to an applicant with unselfish motives for public service. However worthy the object, trust funds cannot be diverted from their designated purpose so long as there is a practical means of carrying out the strict terms of the trust.

There is no showing in this record that it is impossible to apply the land or its proceeds to the exact purposes mentioned in the quoted deeds. Until such is shown, there is no occasion for considering alternate purposes.

Where public authority has accepted a conveyance stipulating a trust, the public authority is limited by the stipulated trust, even though greater latitude might be permitted to the same authority in the use of property held by it for public purposes generally.

Tracts 2 and 3 were and are held by the City of Franklin subject to express trusts.

In the case of Tract 2, the trust is described:

"in trust and perpetually for school purposes for the education of # children in the Town of Franklin."

# (the word "white" was properly omitted by the Chancellor.)

As to Tract 3, the trust is described:

"In trust . . . to be used exclusively for the purpose of a public school for # children of School District No. 9 of Williamson County, including the whole of the town of Franklin." (# the word "white" was properly omitted by the Chancellor.)

■ This Court respectfully disagrees with the Chancellor that the city of Franklin had the right or power to convey either of said tracts to plaintiff in fee simple. In 90 C.J.S. Trusts § 216, p. 151 is found the following text:

"§ 216. By Trustee Virtute Officii

In the absence of authority conferred by the trust instrument, a trustee has no power to appoint his successor."

■ In view of the absence of express power in the trust instruments herein, and in view of § 35–101, T.C.A., the power to appoint a substitute trustee in the present case rests exclusively in the courts.

■ When trustees accept the trust and enter upon its execution, they cannot discharge it without the permission of the cestui que trust, or the direction of a court of equity. Breedlove v. Stump, 11 Tenn. (3 Yerg.) 257 (1830). § 35–101 et seq. T.C.A. Therefore, the attempt of the City of Franklin to divest itself of title to trust property and responsibility for administration of the trust by quitclaim deed is hereby held to be unauthorized and void.

Considerable discussion has been devoted to the possibility of sale of the subject property. Such discussion, and a decision thereon, is premature until a competent trustee has demonstrated that it is impractical to use the land for the trust purposes, and has requested instructions from the court in respect to sale.

Upon remand, it will be in order for the Chancellor to place a rule upon the defendant, City of Franklin, to respond whether it proposes to execute the foregoing trusts and, if so, how. If said defendant responds that it desires to be relieved or fails to respond, it will be in order to relieve the city as trustee and appoint a new trustee to execute the trust. § 35–101 et seq., T.C.A.

Any application by the city or a new trustee for approval of a proposed use or disposition of the property will be considered by the Chancellor and ruled upon consistent with the provisions of the trusts.

To the extent indicated, the decree of the Chancellor is reversed; the quitclaim deed of the Town of Franklin to the plaintiff, War Memorial Library, is declared to be void and of no effect; the suit of the plaintiff, War Memorial Library, is dismissed; the cause is remanded and retained in Court for the administration of the trust declared by the Chancellor and more specifically defined by this Court; all costs, including the costs of this appeal will abide the final disposition of the cause.

Affirmed in part, reversed in part, remanded.

SHRIVER, P. J., and PURYEAR, J., concur.