ANNA BELL MYERS *et al. v.* JOHN COMER *et al.**

(*Knoxville.* September Term, 1921.)

1. **DEEDS.** Parties' intention as to estate conveyed should be ascertained and enforced.

To determinne what estate was conveyed by a deed the parties' intention should be ascertained, if possible, by giving to each word its appropriate meaning, and that intention should be enforced. (*Post, pp.* 480, 481.)

Cases cited and approved: Fulper v. Fulper, 54 N. J. Eq., 431; Miner v. Brown, 133 N. Y., 308; Hunt v. Blackburn, 128 U. S., 464; McDermott v. French, 15 N. J. Eq., 78; Hadlock v. Gray, 104 Ind., 596; Dowling v. Salliotte, 83 Mich., 131; Baker v. Stewart, 40 Kan., 442; Fladung v. Rose, 58 Md., 13; Speight v. Askins, 118 Tenn., 749; Laurenzie v. Insurance Co., 131 Tenn., 662; Teague v. Sowder, 121 Tenn., 132.

2. **HUSBAND AND WIFE.** Deed construed as granting to husband and wife as joint tenants or tenants in common and not by the entirety.

A deed, conveying to one named and his wife, also named, "their heirs and assigns forever jointly and severally in equal moities," *held* to convey to husband and wife as joint tenants or tenants in common, and not by the entirety, and, survivorship in joint tenancy being abolished by Shannon's Ann. Code, section 3677, the husband could not convey the full title upon the wife's death so as to bar her heirs. (*Post, pp.* 481, 482.)

Code cited and construed: Sec. 3677 (s.).

*For authorities discussing the question of creation of entirety estates see notes in 30 L. R. A., 320 and 33 L. R. A. (N. S.), 166.

FROM CAMPBELL.

Appeal from the Chancery Court of Campbell County. —Hon. John Jennings, Jr., Chancellor.

J. N. Russell, for plaintiffs.

Jesse L. Rogers, for defendants.

Mr. Justice Hall delivered the opinion of the Court.

This is an action in ejectment. The bill was filed by complainants, grandchildren and heirs at law of Mrs. Sarah Bailey, who died intestate in Campbell county some time prior to the year 1906—the exact date of her death is not stated in the bill—to recover an undivided one-half interest in a certain tract of land situated in the first civil district of Campbell county, which is specifically described in the bill, for a sale thereof for partition amongst the rightful owners, and for an accounting for rents.

The bill alleges: That the said Sarah Bailey died seized and possessed of said interest in fee by virtue of a certain deed executed by David Usher on January 6, 1871, to John Bailey and his wife, Sarah. The granting clause of the deed from David Usher to John Bailey and his wife, Sarah, is as follows:

"This indenture, made and entered into this 6th day of January, 1871, between David Usher of the first part and John Bailey and his wife, Sarah Bailey, of the second part, all of the county of Campbell and State

of Tennessee, witnesseth: that said David Usher for and in consideration of the sum of two hundred and fifty dollars to him in hand paid, the receipt of which is hereby acknowledged, hath bargained, sold and by these presents doth bargain, sell and convey, unto John Bailey and his wife, Sarah Bailey, their heirs and assigns forever jointly and severally in equal moities, a certain tract or parcel of land lying and being in the county of Campbell and State of Tennessee, civil district No. 1 and bounded as follows." [Then follows the description.]

That it was the intention of the grantor, David Usher, and the effect of the deed was, to vest the title to said land in John Bailey and his wife, Sarah, as tenants in common, and upon the death of the said Sarah complainants became the owners in fee, by inheritance from their grandmother, of an undivided one-half interest in said land.

That on July 24, 1906, notwithstanding complainants were the owners of an undivided one-half interest in said land by virtue of such inheritance, John Bailey, who survived his wife, undertook to convey, by deed, said tract of land to the defendant, Sarah Comer, wife of defendant, John Comer; and that John Comer and wife Sarah, as complainants believe and charge, have since undertaken to convey said land to their codefendants, Scott Stout, Letcher Sharp, and Thomas Chapman, though the deeds executed by Comer and wife to said parties have never been recorded; and that said defendants, acting either under said deeds from Comer and wife, or as naked trespassers, have taken possession of

said tract of land and are claiming the same as their own, and are using the same, and are collecting the rents and profits therefrom, notwithstanding complainants are the owners of an undivided one-half interest in said land and are entitled to the immediate possession of same.

Defendants demurred to the bill, setting up the defense that, under the deed from David Usher to John Bailey and wife, Sarah, they took said land as tenants of the entirety, and not as tenants in common, and that upon the death of his wife, Sarah, the title to said land, in its entirety, became vested in her husband, John Bailey, with full power in him to convey the same, and that by virtue of his conveyance of July 24, 1906, defendant, Sarah Comer, became the owner of said land, and she and her husband had the right to convey it to their codefendants.

The chancellor sustained the demurrer and dismissed complainants' bill, and they have appealed and assigned the decree of the chancellor for error.

While the chancellor's decree does not indicate his reason for sustaining the demurrer, it is manifest that he was of the opinion that, under the deed from David Usher, John Bailey and his wife took said land as tenants of the entirety, and not as tenants in common; this being the only question presented by the demurrer.

In this holding we think there is error.

In Jones on Real Property, vol. 2, section 797, it is said:

"A tenancy in common may be created by a conveyance to husband and wife, which manifests an intent

that they shall hold in this manner: 'No particular form of words is necessary to make them tenants in common. It is sufficient if expressions are used which cannot be operative unless the wife is admitted to an equal present enjoyment of the estate with the husband, and which indicate an intention that her possession shall not be subservient to his exclusive control.' "

In Tiffany on Real Property (2 Ed.), vol. 1, 646, the rule is stated as follows:

"While a conveyance or devise to a husband and wife will ordinarily create a tenancy by entireties, the authorities are generally to the effect that an intention, clearly expressed in the instrument, that they shall take as tenants in common or as joint tenants, will be effective, the argument in favor of this view being that since, even at common law, if persons who have previously acquired joint interests become husband and wife, they do not become tenants by the entirety, there is evidently nothing in the relation of husband and wife to prevent their acquisition of property as joint tenants or tenants in common. The result of this view is that the existence of a tenancy by entireties is a question purely of intention, though an intention on the part of the grantor to create such a tenancy is presumed, in the absence of an expression of a contrary intention. In other words, there is a rule of construction that, in case of a conveyance to husband and wife, the language *prima facie* means that they are to hold by the entireties.

"It has been held that the presumption of an intention to create a tenancy by entireties is rebutted by the fact that the conveyance is in terms of a specific fractional

interest to each, and that what is in terms a conveyance to husband and wife does not make them tenants by entireties if its legal effect is merely that of a release.

In *Fulper* v. *Fulper*, 54 N. J. Eq., 431, 34 Atl., 1063, 32 L. R. A., 701, 55 Am. St. Rep., 590, it was said that where lands are granted to a husband and wife, and it appears from the words of the grant that the intent was to create a tenancy in common in them, they will take and hold as such, and not as tenants of the entirety.

In *Miner* v. *Brown*, 133 N. Y., 308, 31 N. E. 24, it is said that whether a husband and wife take as tenants in common, or as tenants of the entirety, is to be gathered from the instrument which passes the estate to them, and where it appears from the instrument that it was the intention that they should take as tenants in common, that intention must prevail, and it is said such has been the rule from an early period in the history of the English law.

To the same effect is the rule announced in *Hunt* v. *Blackburn*, 128 U. S. 464, 9 Sup. Ct. 125, 32 L. Ed. 488; *McDermott* v. *French*, 15 N. J. Eq., 78; *Hadlock* v. *Gray*, 104 Ind., 596, 14 N. E., 167; *Dowling* v. *Salliotte*, 83 Mich., 131, 47 N. W., 225; *Baker* v. *Stewart*, 40 Kan., 442, 19 Pac., 904, 2 L. R. A., 434, 10 Am. St. Rep., 213; *Fladung* v. *Rose*, 58 Md., 13; 4 Kent Com., 363; Preston on Estates, vol. 1, 132.

The cardinal rule of construction of all written instruments is to ascertain from the entire instrument the intention of the parties. *Speight* v. *Askins*, 118 Tenn., 749, 102 S. W., 74; *Laurenzie* v. *Insurance Co.*, 131 Tenn., 662, 176 S. W., 1022.

It is also the general rule governing the construction of deeds, when it is sought to determine what estate was conveyed thereby, to ascertain the intention of the parties, if possible, by giving to each word of the deed its appropriate meaning and enforce that intention. *Teague* v. *Sowder,* 121 Tenn., 132, 114 S. W., 484.

Now, in the granting clause of the deed under consideration, and through which complainants claim title to an undivided one-half interest in the land involved, the language is—"hath bargained, sold and by these presents doth bargain, sell and convey, unto John Bailey and his wife, Sarah Bailey, their heirs and assigns forever jointly and severally in equal moities, a certain tract or parcel of land lying and being in the county of Campbell and State of Tennessee, civil district No. 1 and bounded as follows."

We think the words "jointly and severally in equal moities" show a clear intention upon the part of the grantor, David Usher, to vest the title to said land in John Bailey and his wife, Sarah, as joint tenants or tenants in common. The words "jointly and severally in equal moities" denote that it was the intention of the grantor that the grantees should take and hold the land in joint and severable equal shares. This would prevent them from taking as tenants by the entirety. Tenants by the entirety cannot hold jointly and severally, but only in unison or as one.

By section 3677 of Shannon's Annotated Code the right of survivorship in estates held in joint tenancy by two or more parties is abolished.

We think the above interpretation is the proper one to be given the deed from David Usher to John Bailey

and wife. In view of the peculiar language used there-in, we do not think that it would reasonably admit of any other construction, and to give it any other con-struction would defeat the grantor's intention.

It results, therefore, that the decree of the chancellor will be reversed, and the cause will be remanded to the chancery court of Campbell county for further proceed-ings not inconsistent with this opinion.

The defendants will pay the costs of this appeal.