C. A. GRAVES ET AL v. CATHERINE E. GRAVES ET AL.

Middle Section.    December 4, 1926.

No petition for Certiorari was filed.

1. **Deeds. Where written part of deed is repugnant to printed part the written part prevails.**
    It is a general rule that if there is a conflict in a deed between what is written and what is printed, the written part prevails.

2. **Deeds. Estates. Deed held to create a fee-simple estate.**
    Where a deed contained, following the description, the following paragraph: "This conveyance is made to the said Helen C. Graves for the sole use and benefit of herself and her heirs at her death and not to be subject in any way to the debts of her husband. The right to control the same during my natural life is hereby retained," and the rest of the deed was in regular form of a warranty deed, held the deed conveyed a fee-simple title.

3. **Deeds. Estates.** A conveyance to "A and his heirs" and a conveyance to "A and his heirs at his death" are synonymous.

Held there is no distinction between a conveyance to "A and his heirs" and a conveyance to "A and his heirs at his death," for the latter could mean nothing more than a conveyance "to A and his heirs," which would pass a fee.

Appeal from Chancery Court of Davidson County; Hon. John R. Aust, Chancellor.

Affirmed.

Stokes & Stokes, of Nashville, for appellant.

R. T. Shannon, of Nashville, for appellee.

DeWITT, J.   Of primary importance in this cause is the construction of the deed of 1853 in which Catherine Stump conveyed to her niece, Helen C. Graves, two hundred acres of land. The original deed is in the record. It is in the regular printed form with details of description, names, etc., supplied in hand writing. In the conveying clause the land was granted to Helen C. Graves, her heirs and assigns forever; but there is written just after the description the following:

' "This conveyance is made to the said Helen C. Graves for the sole use and benefit of herself and her heirs at her death and not to be subject in any way to the debts of her husband. The right to control the same during my natural life is hereby retained."

The remainder of the deed is as follows:

"To have and to hold the aforesaid land with all and singular the rights, profits, emoluments, hereditaments and appurtenances of, in and to the same belonging, or in any way appertaining, to the only proper use, benefit and behoof of her, the said Helen C. Graves, her heirs and assigns forever. And the said Catherine Stump for herself, her heirs, executors, and administrators doth covenant, agree to and with the said Helen C. Graves, her heirs and assigns that the above recited land and bargained premises she will warrant and forever defent against the rights, title, interest of claim of all and every person or persons whomsoever."

It is insisted that the aforesaid clause written after the description of the land is repugnant to the printed portions of the deed and therefore must control. It is the general rule that if there is a conflict in a deed between what is written and what is printed the written part prevails. Devlin on Deeds, sec. 837; 8 R. C. L., 1043; 13 C. J., 536. It is insisted that the clause in question cannot be ignored; that the grantor was voluntarily giving the property to a

niece whom she had reared, who had recently married and had young children; that this clause is not an idle combination of words but is an expressed declaration of an intent to create an estate for life in the grantee, to her separate use, with remainder at her death to her children. In answer thereto, the appellees insist that even if this clause purported to create a life estate, the limitation over was by way of entail so that under section 3673, Shannon's Annotiated Code, the estate was converted into a fee simple in the first taker. We are unable to sustain this interpretation of this provision in the deed because, the language does not purport to limit any remainder to bodily heirs as in an estate tail. The use of such terms as "bodily heirs," or "heirs of the body," or their equivalent, would be necessary to create an estate tail. Such language imports perpetual succession with a limitation over to the grantor upon failure of issue of the particular heirs to whom the estate is granted and upon failure of such issue the estate would determine. We must upon other grounds determine whether or not the clause in question operated to cut down and limit the estate granted in the conveying clause.

We are of the opinion that there is no real repugnancy between this clause and the other parts of the deed. It may be conceded that this clause is not drafted with legal accuracy; but it seems to us to be simply the language of a layman seeking to observe the rule at common law, before the enactment of Chapter 33 of the Acts of 1851-52, Shannon's Annotated Code, sec. 2672 (but lately enacted when the deed was written), that a conveyance of land without words of inheritance vested only a life estate; that to create an absolute estate in fee simple it was indispensable that the land be conveyed to the grantee and his heirs. Hunter v. Brown, 5 Humph., 47; Cromwell v. Winchester, 2 Head, 389; Kirk v. Fergerson, 6 Cold., 482; Beecher v. Hicks, 7 Lea, 210; Teague v. Sowder, 121 Tenn., 132, 114 S. W. 484. In other words, this language is in effect but a repetition by way of emphasis of the previous language of conveyance "to Helen C. Graves her heirs and assigns." Manifestly, it was inserted for the especial purpose of creating a separate estate in Helen C. Graves. In Boyd v. Robinson, 93 Tenn., 34, 23 S. W., 72, it was held that a devise in the words, "I give all my estate of every kind, real and personal and whatever situated to my brother, John B. Robinson, Jr., and his lawful heirs," would operate to create an absolute fee-simple estate in the devisee, John B. Robinson, Jr. We are unable to distinguish the meaning of this language of the deed before us from the language of the aforesaid devise. In our opinion there is no distinction between a conveyance to A and his heirs, and a conveyance to A and his heirs at his death. At common law the use of words of inheritance oper-

ated to pass a fee to the grantee, so that if he should die intestate and seized of the land his heirs would take at his death by descent. Therefore, a conveyance to A and his heirs at his death could mean nothing more than a conveyance to A and his heirs which would pass a fee. The statute, section 3672, did not change the effect of the use of words of inheritance, but merely provided that they were not necessary to create an estate in fee. In order that the term "heirs" may be construed to mean "children" it must plainly appear that this was the intention of the conveyor or testator. The word "heirs" is a technical word and is always construed to be a word of limitation and not of purchase, unless there be other controlling words clearly showing that a contrary meaning was intended by the use. Heirs take by descent and not by purchase. The word "children" is usually a word of purchase requiring strong language to change it into a word of limitation. Beecher v. Hicks, 7 Lea, 213; Smith v. Smith, 108 Tenn., 21, 64 S. W., 483. We find in the deed before us no words clearly showing that the word "heirs" was intended as a word of purchase, that is, as meaning "children." If the expression in the instrument is even doubtful, the doubt must be resolved in favor of the absolute estate. Meacham v. Graham, 98 Tenn., 206, 39 S. W., 12.

In Evans v. Wells, 7 Humph., 568, and Clopton v. Clopton, 2 Heisk., 233, relied on by appellants, the language of the conveyances under construction imported an intention to vest only life estates in the first takers—so that these cases are not apposite to the case before us.

For these reasons we find no repugnancy between the clause in question and the remaining portions of the deed. Examining all parts of the deed together we find that the intention of the grantor was to vest in Helen C. Graves an absolute estate in fee simple in the land conveyed. This conclusion is all the more satisfactory when we consider the use of the word "assigns" in the granting clause and the habendum of the deed. Such use of the word "assigns" imports an intention to give the grantee the power to sell and dispose of the property, and therefore, creates a fee-simple estate in the grantee, especially under the aforesaid section 3672, Shannon's Code. Teague v. Sowder, 121 Tenn., 155, 114 S. W., 484; Travis v. Sitz, 135 Tenn., 184 185 S. W., 1075.

Faw, P. J., and Crownover, J., concur.