BOST *et al. v.* JOHNSON *et al.*

(*Knoxville,* September Term, 1939.)

Opinion filed November 25, 1939.

CANDLER & HITCH, and E. B. MADISON, all of Athens, for complainants.

JONES & DAVIS, of Athens, for defendants.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

By the bill the court is asked to construe and determine the interests the respective grantees take under a deed executed September 8, 1919, the body of which, with the omission of the boundaries of the lot conveyed, is as follows:

"For and in consideration of the sum of Three thousand five hundred dollars of which Three thousand dollars is cash in hand to us paid, the receipt of which is hereby acknowledged and one note of even date herewith for five hundred dollars, due two years after date, with interest from date, and to secure the payment of said note an express lien is hereby retained on the prop-

erty here conveyed We J. A. Miller and wife S. E. Miller have granted, bargained, sold and conveyed and do hereby grant, bargain, sell and convey unto Robert L. Johnson and wife Dortha Jane Johnson and her Dortha Jane Johnsons heirs and assigns, the following described tract or parcel of land, to-wit: . . .

"To have and to hold, the said premises to the said Robert L. Johnson and wife Dortha Jane Johnson and her Dortha Jane Johnsons heirs and assigns forever we hereby covenant with the said Robert L. Johnson and Dortha Jane Johnson that we are lawfully seized and possessed of the above described premises, have a good and lawful right to sell and convey the same, and that they are unencumbered and we, do further covenant and bind ourselves, our heirs and our personal representatives to warrant and forever defend the title of said premises to Robert L. Johnson and wife, Dortha Jane Johnson and her Dortha Jane Johnsons heirs and assigns forever against the lawful claims of all persons whomsoever."

It is the insistence of complainants that title was vested in grantees as joint tenants or tenants in common; while defendants contend that title to said lot was vested in grantees as tenants by the entireties. The chancellor took the latter view.

By Chapter 26, Public Acts 1913, tenancy by entireties was abolished, but was re-established by Chapter 126, Public Acts 1919, which latter act became effective on April 16, 1919. *Pattison* v. *Baker*, 148 Tenn., 399, 255 S. W., 710, 29 A. L. R., 1334; *Hicks* v. *Sprankle*, 149 Tenn., 310, 257 S. W., 1044.

In *Myers* v. *Comer*, 144 Tenn., 475, 479, 234 S. W., 325, 326, this court quoted approvingly from Tiffany on Real Property as follows:

"While a conveyance or devise to a husband and wife will ordinarily create a tenancy by entireties, the authorities are generally to the effect than an intention, clearly expressed in the instrument, that they shall take as tenants in common or as joint tenants, will be effective, the argument in favor of this view being that since, even at common law, if persons who have previously acquired joint interests become husband and wife, they do not become tenants by the entirety, there is evidently nothing in the relation of husband and wife to prevent their acquisition of property as joint tenants or tenants in common. The result of this view is that the existence of a tenancy by entireties is a question purely of intention, though an intention on the part of the grantor to create such a tenancy is presumed, in the absence of an expression of a contrary intention. In other words, there is a rule of construction that, in case of a conveyance to husband and wife, the language prima facie means that they are to hold by the entireties.

"It has been held that the presumption of an intention to create a tenancy by entireties is rebutted by the fact that the conveyance is in terms of a specific fractional interest to each, and that what is in terms a conveyance to husband and wife does not make them tenants by entireties if its legal effect is merely that of a release."

It is the position of counsel for complainants that the phrase "and her Dortha Jane Johnsons heirs and assigns" manifests an intention to create in grantees an estate of joint tenancy or tenants in common, and as authority for that interpretation refer us to *Myers* v. *Comer, supra*. In that case it was said:

"Now, in the granting clause of the deed under consideration, and through which complainants claim title

to an undivided one-half interest in the land involved, the language is—'hath bargained, sold and by these presents doth bargain, sell and convey, unto John Bailey and his wife, Sarah Bailey, their heirs and assigns forever jointly and severally in equal moities, a certain tract or parcel of land lying and being in the county of Campbell and state of Tennessee, civil district No. 1 and bounded as follows.'

"We think the words 'jointly and severally in equal moities' show a clear intention upon the part of the grantor, David Usher, to vest the title to said land in John Bailey and his wife, Sarah, as joint tenants or tenants in common. The words 'jointly and severally in equal moities' denote that it was the intention of the grantor that the grantees should take and hold the land in joint and severable equal shares. This would prevent them from taking as tenants by the entirety. Tenants by the entirety cannot hold jointly and severally, but only in unison or as one."

█ No such language appears in the present deed, and by the clause "and her Dortha Jane Johnsons heirs and assigns" the estate granted was neither enlarged nor diminished, and these words may be treated as surplusage.

In Williams Annotated Code, vol. 5, p. 197, it is said:

"At common law, and before the enactment of the statute (sec. 7597), a conveyance of land without words of inheritance vested only a life estate; and to create an absolute estate in fee simple, it was indispensable that the land be conveyed to the grantee and his heirs, although the deed purported to convey the land to the grantee forever, or to him and his assigns forever." (Citing authorities.)

And on page 208, it is further stated:

"The word 'heirs' is a technical term, and is always construed to be a word of limitation and not of purchase, unless there be other controlling words clearly showing that a contrary meaning was intended by its use." (Citing authorities.)

The text in 18 C. J., 321-322, is as follows:

"The term 'heirs' may be used in a deed as a word of limitation or as a word of purchase, according to the context. When used without explanatory or qualifying words it is generally construed as a word of limitation, and a deed of property to a person specified and his heirs will be construed as conveying the fee to such person. An exception exists, however, where a grantor annexes words of explanation to the word 'heirs' indicating that he meant to use the term in a qualified sense, as descriptio personarum or as a particular designation of certain individuals, and that they and not the ancestor were to be the points or termini from which the succession to the estate were to emanate or take its start, in which case the word may be treated as a term of purchase and not of limitation. But the intent not to use the word in its usual legal meaning must be clear, and where there is no reason to depart therefrom it will be given its technical meaning."

In Anderson's Dictionary of Law he defines "Words of limitation" as meaning "language which marks out the nature of an estate; opposed to 'words of purchase.' " He illustrates with this statement:

"When it is said, with reference to a conveyance to A and his heirs, that 'heirs' is a word of limitation and not of purchase, the meaning is, that 'heirs' marks out the nature of the estate taken by A—a fee-simple; and that his heirs take nothing directly (i. e., by purchase) under such limitation."

By the word "purchase" is meant the transmission of property from one person to another.

Section 7597 of the Code (enacted in 1851-52) is as follows:

"The term 'heirs,' or other words of inheritance, shall not be requisite to create or convey an estate in fee; and every grant or devise of real estate, or any interest therein, shall pass all the estate or interest of the grantor or devisor, unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied in the terms of the instrument."

As a result of the above quoted statute, the grantor takes the fee without the use of the word "heirs," or other words of inheritance, unless the intent to pass a less estate appears. See cases listed in Williams Annotated Code, vol. 5, p. 197.

The foregoing statute did not change the effect of the use of words of inheritance, but merely provided that they were not necessary to create an estate in fee. *Graves* v. *Graves,* 3 Tenn. App., 439. Since its passage a grant to "A," or a grant to "A and his heirs," means one and the same thing, and vests in the grantee the same *quantum* of interest.

We see no basis, therefore, for holding that by the use of the phrase "and her Dortha Jane Johnsons heirs and assigns" that the grantor intended that grantees should take otherwise than as tenants by the entireties.

It follows that the decree of the chancellor will be affirmed.