**In re ESTATE OF William E. WILSON Deceased.**

**Charlene W. MARKUM, et al., Appellants,**

**v.**

**Lois WILSON, Executrix, Appellee.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Aug. 30, 1991.

Permission to Appeal Denied by Supreme Court Jan. 27, 1992.

Jeffrey Rappuhn, Willis & Knight, Nashville, for appellants.

William D. Mitchell, Sparta, for appellee.

## OPINION

CANTRELL, Judge.

Charlene Wilson Markum and Mary Helen Wilson Hicks, daughters of William Earl Wilson, deceased, appeal from the Probate Court's dismissal of their claim against their father's estate. Appellants contend that they each had a one-fourth undivided interest in two tracts of land purchased in 1943 and 1944 by their father and his second wife, Lois Mae Wilson, and that they are therefore each entitled to a constructive trust on one-fourth of the proceeds from the sale of portions of this property by William and Lois Wilson in 1968 and 1969. The Probate Court of White County held that the language of conveyance in the 1943 and 1944 deeds created a tenancy by the entireties in William and Lois Wilson and no interest whatsoever in the daughters. For the following reasons, the judgment of the Probate Court is affirmed.

In determining what interest or interests are created by a deed, the intent of the parties is critical and must be ascertained from the language of conveyance and the surrounding circumstances. *Bennett v. Langham*, 214 Tenn. 674, 383 S.W.2d 16 (1964). In both the 1943 and 1944 deeds, the grantor was a corporation with no apparent relation to any of the parties here. The deeds were drawn up by

the father of William Wilson, who was also the custodial grandparent of Charlene and Mary Helen after William Wilson's divorce from their mother. The grandfather also co-signed the notes William and Lois took out in order to purchase the land, as did Lois' father. Appellants emphasize these facts, in conjunction with the custodial grandfather's statements to them when they were small that they would one day own some land, in an effort to show that this grandfather intended for Charlene and Mary Helen to have an interest in these lands. Be that as it may, this non-party's intentions are not controlling. Thus we are left with the language of the deeds and the surrounding circumstances.

The relevant language, identical in both deeds, is "to W.E. Wilson and wife, Lois Wilson, and their heirs, including Mary Helen Wilson and Charlene Wilson, children of W.E. Wilson." Without dispute, if the phrase of conveyance ended with the word "heirs", the interest created would be a fee simple as tenants by the entireties in William and Lois Wilson. This is the same result, under modern law, as would be achieved if the words "and their heirs" were omitted. *Bost v. Johnson*, 175 Tenn. 232, 133 S.W.2d 491, 493 (1939); *Pickens v. Daugherty*, 217 Tenn. 349, 397 S.W.2d 815, 819 (1965). The common usage of "and their heirs" is simply a carryover from the practice under the old common law rule that if such words of inheritance were not included, no more than a life estate was created. *See* 26 C.J.S. *Deeds*, § 109 (1956).

Appellants contend, however, that the qualifying phrases "including Mary Helen Wilson and Charlene Wilson, children of W.E. Wilson," were intended to expressly designate the daughters as co-grantees of a present interest in the lands. Indeed, authority in this state recognizes that the word "heirs" is not always to be construed as a word of limitation used merely in conformance with the practice of distinguishing a fee simple from a life estate:

"[W]here the grantor annexes words of explanation to the word 'heirs' indicating that he meant to use the term in a quali-

fied sense, as descriptio personarum or as a particular designation of certain individuals, ... the word may be treated as a term of purchase and not of limitation."

*Bost v. Johnson,* 175 Tenn. 232, 237, 133 S.W.2d 491, 492 (1939).

However, as the remainder of this same passage from *Bost* explains, "the intent not to use the word in its usual legal meaning must be clear, and where there is no reason to depart therefrom it will be given its technical meaning." *Id.*

Here, the language qualifying the word "heirs" is introduced by the word "including". As appellants point out in their brief, "[w]ords deliberately put in a deed, and put there for a purpose, are not to be lightly considered, or arbitrarily put aside." *Fountain County Coal and Mining Co. v. Beckleheimer,* 102 Ind. 76, 1 N.E. 202, 203 (1885). The most logical reading of the qualifying language here is simply that Charlene and Mary Helen were not to be excluded from the open class of potential heirs of W.E. Wilson. In order to support appellants' assertion that this language had the effect of vesting in each of them a present one-fourth interest in the properties, it would be necessary either to delete the word "including" or to construe it as meaning "namely".

The language of the deeds as a whole, along with the surrounding circumstances, does not warrant such a departure from the plain and normal meaning of this qualifying phrase. The headings on the deeds read simply "Tennessee Products to W.E. Wilson and Wife." Appellants were small children at the time of these two conveyances in 1943 and 1944. They tendered no purchase money on their own behalf and signed no notes of indebtedness. Not until several months after their father's death did either of the daughters have any idea that their names were even mentioned in the text of these deeds. Neither their father nor their grandfather ever indicated to them that they had a present interest in the properties. Both daughters testified in the Probate Court that their expectation had been to inherit some land from their father.

As an adult, one of the daughters, together with her husband, actually purchased from her father what appears to be a portion of the lands conveyed by the deeds in question; she and her husband subsequently sold the property back to her father. It is reasonable to expect that in the context of these transactions William Wilson would have mentioned that his daughter already held a one-fourth interest in the subject property, had that been his understanding of the 1943 and 1944 deeds.

All of these circumstances, together with the plain meaning of the language of conveyance, do not provide a persuasive reason to depart from the technical meaning of the phrase "and their heirs". The 1943 and 1944 deeds gave William and Lois Wilson a fee simple as tenants by the entireties. The deeds did not give appellants any interest in the properties.

Accordingly, the remaining issues raised by the parties are immaterial. The ruling of the Probate Court is affirmed and the case is dismissed. Costs of appeal are adjudged against appellants.

TODD, P.J., and KOCH, J., concur.