| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ESTATE OF EDWARD P. RUSSELL, | ) | |
| | ) | |
| Deceased, | ) | |
| | ) | |
| BILL COVINGTON and BRENDA | ) | |
| JOHNSON, | ) | |
| | ) | |
|      Plaintiffs/Appellees, | ) | |
| | ) | Davidson Probate |
| VS. | ) | No. 98777 |
| | ) | |
| VELMA RUSSELL, | ) | |
| | ) | Appeal No. |
|      Defendant/Appellant, | ) | 01A01-9611-PB-00516 |
|      Counter-Plaintiff, | ) | |
| | ) | |
| ERVIN B. and EDWARD P. RUSSELL, | ) | |
| JR., | ) | |
| | ) | |
|      Intervenors/Defendants, | ) | |
|      Counter-Plaintiffs. | ) | |

FILED

May 14, 1997

Cecil W. Crowson
Appellate Court Clerk

## IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

### APPEAL FROM THE DAVIDSON PROBATE COURT
### AT NASHVILLE, TENNESSEE

### HONORABLE JOHN A. TURNBULL, JUDGE BY DESIGNATION

Charles C. Cornelius #2761
Nashville City Center,
911 Union Street, Suite 2700
Nashville, Tennessee 38219
ATTORNEY FOR DEFENDANT/APPELLANT


George H. Cate, Jr., #2775
95 White Bridge Road, Suite 503
Cavalier Bldg.
Nashville, Tennessee 37205
ATTORNEY FOR PLAINTIFF/APPELLEE

Greg Galloway, #4931
101 Antioch Pike, Suite 100
Nashville, Tennessee 37211
ATTORNEYS FOR INTERVENORS, DEFENDANTS/COUNTER-PLAINTIFFS

## REVERSED AND REMANDED.

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
BEN H. CANTRELL, JUDGE
WILLIAM C. KOCH, JR., JUDGE

| | |
|---|---|
| **IN RE:** | ) |
| | ) |
| **ESTATE OF EDWARD P. RUSSELL,** | ) |
| | ) |
| **Deceased,** | ) |
| | ) |
| **BILL COVINGTON and BRENDA** | )   **Davidson Probate** |
| **JOHNSON,** | )   **No.  98777** |
| | ) |
| Plaintiffs/Appellees, | ) |
| | ) |
| **VS.** | ) |
| | ) |
| **VELMA RUSSELL,** | ) |
| | ) |
| Defendant/Appellant, | )   **Appeal No.** |
| Counter-Plaintiff, | )   **01A01-9611-PB-00516** |
| | ) |
| **ERVIN B. and EDWARD P. RUSSELL,** | ) |
| **JR.,** | ) |
| | ) |
| Intervenors/Defendants, | ) |
| Counter-Plaintiffs. | ) |

# O P I N I O N

The captioned defendant has appealed from an adverse decision of the Trial Court regarding her interest in real estate.  The undisputed chain of events leading to this controversy is as follows:

In 1965, Mary L. Covington, a widow, now deceased, purchased in her sole name, the subject real estate located in Davidson County, Tennessee.  Her children were the plaintiffs, Bill Covington and Brenda Johnson.

Thereafter, in 1966 or 1967, Mrs. Covington married Edward P. Russell whose children, by a previous marriage, Ervin B. Russell and Edward P. Russell, Jr., are intervening petitioners in the present case.

On February 21, 1968, Mrs. Covington Russell executed a warranty deed describing the subject property and providing in pertinent part as follows:

> For and in consideration of the sum of $10.00 DOLLARS cash in hand paid, the receipt of which is hereby acknowledged and other good and valuable considerations, including the assumption by the Grantees of the outstanding principal balance of a note described in and secured by, that certain Deed of Trust from Charles C. Lloyd, Register's Office for said County Mary L. Covington Russell has bargained and sold, and by these presents Do transfer and convey unto the said Mary L. and Edward P. Russell their heirs and assigns, a certain tract or parcel of land in Davidson County, State of Tennessee.

On the same date, February 21, 1968, E. P. Russell signed and swore to an affidavit of the value of the property. The deed was recorded in the Register's Office of Davidson County, Tennessee.

On August 11, 1972, Mary Covington Russell filed a suit for divorce. There is no evidence or insistence that any order or decree was ever entered in that proceeding which would affect the title to the subject property.

On January 28, 1980, Mary L. Covington Russell died. Her survivors were her husband, Edward P. Russell, and her two children, Bill Covington and Brenda Johnson. Edward P. Russell continued to occupy the subject property and to pay the installments of the mortgage indebtedness.

In 1984, Edward P. Russell married the defendant, Velma Russell. Edward Russell and Velma Russell occupied the subject property until his death on February 16, 1992. His widow, the defendant Velma Russell, and his two children, the intervenors Ervin Bradford Russell and Edward P. Russell, Jr., survived him.

On February 26, 1992, Velma Russell qualified as administratrix of the estate of the deceased, Edward P. Russell.

On September 4, 1992, the plaintiffs, surviving children of Mrs. Mary L. Covington Russell, filed claims against the estate of Edward P. Russell seeking enforcement of an alleged antenuptial agreement of Mary L. Covington and Edward P. Russell. Exceptions were filed to the claims. This record does not reflect what disposition was made of the claims or the exceptions thereto.

On March 30, 1993, the surviving children of Edward P. Russell, Ervin B. Russell and Edward P. Russell, Jr., filed an intervening petition in Probate Court under the caption, "In Re Estate of Edward P., Russell, Docket No. 98777." The petition asserted:

> Comes Ervin Bradford Russell and Edward Phillip Russell, Jr. petitioner's and heirs of the Deceased, and would show unto the Court:
>
> ### I.
>
> That they are the only lawful heirs to the property of the deceased described and known as 1818 Tammany Dr., Nash-ville, Davidson County, Tennessee. That said property was held in fee simple in the sole name of Deceased at the time of his death.
>
> ### II.
>
> That the Deceased's widow, Velma Russell, was not listed on the deed of said property. That said property at the point of death of deceased passed immediately to deceased's issue, Ervin Russell and Edward Russell, Jr.
>
> ### III
>
> That Velma Russell should not be allowed to claim any interest in said property, such as Elective Share, Homestead, Years Support, or One Third Interest, because there existed a pre-nuptial agreement between Deceased and Velma Russell which waived any claim that she might have to said property.
>
> ### IV.
>
> That petitioner Ervin Russell has witnessed the pre-nuptial document signed by both the Deceased and Velma Russell. That petitioners asks the Court to reconstruct this apparently lost document. That Velma Russell refuses to admit the existence of said pre-nuptial agreement. An unsigned copy of said document is attached to this petition as Exhibit A. PREMISES CONSIDERED, PETITIONERS PRAY:
>
> 1. That petitioners be allowed to file this petition and a copy of same by served upon the administrator of this estate, Velma Russell.

2. That the Court reconstruct the lost pre-nuptial document.

3. That the Court issue an order stating that Velma Russell has no interest in the property known as 1818 Tammany Dr., Nashville, Tennessee.

4. That the costs of this cause along with attorney's fees be assessed against Velma Russell.

5. For general relief.

On December 22, 1994, the captioned plaintiffs filed in Probate Court a complaint under the caption, *Bill Covington and Brenda Johnson, plaintiffs v. Velma Russell, Ervin Bradford Russell and Edward Phillip Russell, Jr., defendants*, Docket No. 98777." The complaint read as follows:

Comes (sic) the plaintiffs, Bill Covington and Brenda Johnson, in the above styled matter and for cause of action against the Defendants, Velma Russell, Ervin Bradford Russell, and Edward Phillip Russell, Jr., would show unto the Court the following, to wit:

1. That the Plaintiff, Bill Covington, is a resident of Nashville, Davidson County, Tennessee;

2. That the Plaintiff, Brenda Johnson, is a resident of Nashville, Davidson County, Tennessee;

3. That the Defendants, and each of them, all reside in the City of Nashville, County of Davidson, State of Tennessee. The real property herein referred to, which is the subject of this action, is situated in the City of Nashville, County of Davidson, State of Tennessee.

4. That the Plaintiffs as named herein, are the natural children of Mary L. Covington Russell, who died on January 28, 1980;

5. That prior to the death of the said Mary L. Covington Russell, the said Mary L. Covington Russell executed a Warranty Deed on the property at issue, from her sole name into the name of Mary L. And Edward P. Russell, after becoming the lawful wife of Edward P. Russell, a copy of which is annexed hereto, made a part hereof, and marked as Exhibit A;

6. That said Warranty Deed failed to specify the conveyance of the real property at issue as tenants-by-the-entirety in accordance with T.C.A. Section 66-1-109, thereby creating the presumption that the intent of the said Mary L. Covington Russell was to create a tenancy-in-common;

7. That the said Mary L. Covington Russell died intestate, and that after her death the said Edward P. Russell kept possession of the real property at issue, and subsequently married said Velma Russell;

8. That the Plaintiffs as named herein are informed and believe, and so allege, that the said Edward P. Russell died intestate as a resident of this state, and Defendant Velma Russell, his wife, continues to reside at the real property at issue. Plaintiffs have made a diligent search and inquiry concerning the heirs or devises of decedent Edward P. Russell and have been able to determine or ascertain, and believe that the said heirs or devises are the Defendants as named herein;

9. That the Plaintiffs, Bill Covington and Brenda Johnson, are the surviving heirs or devises of decedent Mary L. Covington Russell, and pursuant to T.C.A. Section 31-2-104, (laws of descent and distribution) are the owners of the undivided interest formally (sic)owned and held by decedent Mary L. Covington Russell. Plaintiff, Velma Russell, is in possession of the real property and the same is, as Plaintiffs are informed and believe, not capable of partition and division, but the same can be readily sold for its fair market value, and the proceeds partitioned.

**Wherefore, premises considered, Plaintiffs pray:**

1. That this petition be filed under the estate of Edward P. Russell and that the same be served upon the attorneys of record for the respective defendants, requiring them to answer this complaint within the time prescribed by law, but oath to their answer is hereby expressly waived;

2. That upon partition, the undivided interest of the known heirs or devises of the decedents, Mary L. Covington Russell and Edward P. Russell, can be apportioned to them in their several shares, as their interests are ascertained and adjudicated;

3. That upon hearing of this cause, the Plaintiffs each be adjudged to be entitled of one-sixth (1/6) share of the fair market value of the property at issue;

4. That Defendant, Velma Russell, be required to pay rent in a fair and reasonable amount to the Plaintiffs, for the time in which she has occupied said real property;

5. That the costs and expenses of this action and of the partition hereby sought, including the expenses and renumeration of such referees or commissions as the Court may appoint, should be charged equitably against the interests of Defendants, and each of them heretofore described;

-6-

6. That the property be sold at auction and the proceeds of said sale be distributed to the parties and proportioned to their respective interests;

7. For such other general and further relief as the Court deems proper and just.

On January 13, 1995, the defendant, Velma Russell, filed a motion for summary judgment reading in pertinent part as follows:

> Movant would admit the material facts alleged in the complaint being that Mary L. Covington Russell executed a warranty deed on the property at 1818 Tammany Drive, Nashville, Tennessee which she solely owned to Mary L. and Edward P. Russell, after becoming his wife.
>
> Said conveyance created a tenancy by the entirety thus passing the fee simple title to Edward P. Russell when Mary Covington Russell died January 28, 1980.
>
> In support of this motion, defendant, Velma Russell, relies upon the pertinent provisions in the deed from Mary L. Covington Russell to Mary L. And Edward P. Russell.
>
> Estate by entireties created by direct conveyance. T.C.A. § 66-1-109 provides that any married person owning property in such person's own name, desiring to convert such person's interest into an estate by the entireties with such person's may do so by direct conveyance to such spouse by an instrument of conveyance which shall provide that it is the grantor's intention to create an estate by the entireties.
>
> - - - -
>
> A devise or conveyance to a husband and wife creates a tenancy by the entirety in the absence of an expression of a contrary intention. It is a rule of construction that a conveyance to husband and wife, the language prima facie means that they are to hold by the entireties. Bost et al v. Johnson et al, 175 Tenn. 232, 133 S.W.2d 491 (1939).

Since the motion relies upon the allegations of the complaint, it appears to be a motion to dismiss for failure to state a claim for which relief can be granted. Nevertheless, its disposition is reviewable in the present appeal.

On June 8, 1994, the plaintiffs, Covington and Johnson, filed a response to the motion for summary judgment which relied upon T.C.A. § 66-1-109, which reads as follows:

**Estate by entireties created by direct conveyance.**
Any married person owning property or any interest therein in such person's own name, desiring to convert such person's interest in such property into an estate by the entireties with such person's spouse, <u>may do so by direct conveyance to such spouse by an instrument of conveyance which shall provide that it is the grantor's intention by such instrument to create an estate by the entireties</u> in and to the entire interest in the property previously held by the grantor. [Acts 1949, ch. 255, § 1; mod. C. Supp. 1950, § 84611.1 (Williams, § 7605.1); T.C.A. (orig. ed.), § 64-109.] (Emphasis supplied)

The response states:

> For our purpose, the important wording of this statute is reflected in the last phrase, "conveyance with shall provide that it is the grantor's <u>intention</u> by such an instrument to create an estate by entireties." The real issue here is whether or not it was the intention of Mary L. Covington Russell to create an estate by entireties when she added her husband's name to the title of the property. We submit that it was not her intention. Mary L. Covington Russell told Plaintiffs that she never intended Edward R. Russell to own any part of said property, but that she only believed it was necessary to put his name on the deed to obtain a loan. <u>See</u>, Affidavit of Bill Covington, p.1. Mary L. Covington Russell told Affiant on several occasions that she believed her children, the Plaintiffs, would inherit said real estate at her death. <u>See</u>, Affidavit of Bill Covington, p. 2.

The defendant, Velma Russell, filed an answer and counter-complaint and the cause was set for hearing on its merits. After the hearing, the Trial Judge entered judgment as follows:

> 2. The motion of the defendant, Velma Russell, to dismiss the Intervening Petition of Ervin Bradford Russell and Edward Phillip Russell, Jr., made at the end of plaintiffs' and intervening petitioners' proof should be granted;

> 3. For the reasons expressed by the Court at the end of the trial of this case said warranty deed created in the wife and husband, Mary L. and Edward P. Russell, a tenancy-in-common, each owning a one-half undivided interest and not a tenancy-by-entireties;

> 4. Mary L. Russell died intestate prior to the death of Edward P. Russell leaving her two children surviving and that by the laws of intestate succession, her husband, Edward P. Russell and children, Bill Covington and Brenda C. Johnson, became the owners of a one-sixth interest each in the real property.

> 5. At the time of the intestate death of Edward P. Russell in 1991, his two-thirds undivided interest in the property described in the deed descended to his spouse, Velma Russell, and

two children, Bradford Russell, and Edward Phillip Russell, Jr., in equal shares of four-eighteenths each by the law of intestate succession; and

6. Any and all other claims of the parties were not established by the proof.

It is, therefore, ORDERED, ADJUDGED AND DECREED:
(1) That the Intervening Petition of Ervin Bradford Russell and Edward Phillip Russell, Jr., be and the same is hereby dismissed and the costs of same are assessed against the petitioners, for which execution may issue, if necessary;

(2) That the Warranty Deed of record in Book 4213, Page 546 of the Register's Office for Davidson County, Tennessee, created a tenancy-in-common between the wife and husband grantees, Mary L. And Edward P. Russell, in the property therein described;

(3) That at the time of the death of Mary L. Russell in 1980, her one-half interest descended in equal shares to her only two children, Bill Covington and Brenda C. Johnson, and her husband, Edward P. Russell (Sr.), each taking a one-sixth undivided interest in said real estate;

(4) That at the time of the death of Edward P. Russell (Sr.) in 1991, his two-thirds undivided interest in said property descended in equal shares to his surviving spouse, Velma Russell and the decendent's only two children, Ervin Bradford Russell and Edward P. Russell, Jr., each taking an undivided four-eighteenths interest each;

(5) That the said property described in the warranty deed is not capable of being partitioned and should be sold at private sale in accordance with an agreement to be reached between the parties or, failing such agreement, by order of the Court upon motion by any one or all of the parties;

(6) That any and all other claims of the parties herein should be and are hereby dismissed; and

(7) That the costs of the proceedings other than the costs of the Intervening Petition are assessed equally between the parties, for which execution may issue, if necessary.

From the foregoing judgment, the defendant-counter plaintiff, Velma Russell, has appealed and presented the following issues:

I. Should the Trial Court have granted defendant's motion for summary judgment?

II. Does the admissible evidence in the case preponderate against the Trial Court's decision that the warranty deed of February 21, 1968 to wife and husband created a tenancy in common?

III. Is the claim of the plaintiffs to an interest in the property described in the warranty deed barred or precluded by the defenses of the doctrines and principles of estoppel and laches?

IV. Is the claim of the plaintiffs to an interest in the real estate barred by the provisions of Tenn. Code Ann. § 28-2-102,103 and/or 105?

The intervenors, Ervin B. Russell and Edward P. Russell, Jr., have not appealed or filed a brief in this Court.

## I.

### The Summary Judgment Motion

The defendant, Velma Russell, insists that her motion for summary judgment should have been sustained because, under the admitted fact that Mrs. Covington executed the February 21, 1968, deed to herself and husband, an estate by the entireties was created.

The plaintiffs, Bill Covington and Brenda Covington insist that no estate by the entireties was created by the deed because it contained no provision expressing an intention to create an estate by the entireties as required by T.C.A. § 66-1-109, quoted above.

*Oliphant v. McAmis*, 197 Tenn. 367, 273 S.W.2d 151 (1954), involved personalty held in the name of one spouse, but intended by both spouses to be joint marital property. The Supreme Court held that the property was held by the entireties with rights of survivorship. However, the Supreme Court also said:

> We think Chapter 255 of the Public Acts of 1949 has no application to the case at bar. The Act merely provides that an estate by the entirety may be created by deed of either husband or wife to one another and that the intention to create such an estate must appear upon the face of the instrument of conveyance. This statute makes it possible for either husband or wife to create an estate by the entirety

-10-

without the necessity of deeding the property to a third party and having that party re-convey to the husband and wife an estate by the entirety. (Emphasis supplied)

Although common-law tenancy by the entireties was abolished by the Married Women's Emancipation act (Chapter 26, Public Acts of 1913, T.C.A. § 36-3-504, common-law estates by the entireties were re-established by Chapter 126, Public Acts of 1919 (T.C.A. § 36-3-505), *Bost v. Johnson*, 175 Tenn. 232, 133 S.W.2d 491 (1939). The cited authority states:

> "While a conveyance or devise to a husband and wife will ordinarily create a tenancy by entireties, the authorities are generally to the effect than an intention, clearly expressed in the instrument, that they shall take as tenants in common or as joint tenants, will be effective, even at common law, if persons who have previously acquired joint interests become husband and wife, they do not become tenants by the entirety, there is evidently nothing in the relation of husband and wife to prevent their acquisition of property as joint tenants or tenants in common. The result of this view is that the existence of a tenancy by entireties is a question purely of intention, through an intention on the part of the grantor to create such a tenancy is presumed, in the absence of an expression of a contrary intention. In other words, there is a rule of construction that, in case of a conveyance to husband and wife, the language prima facie means that they are to hold by the entireties. 175 Tenn. At 235.

In *Hardin v. Chapman*, 36 Tenn. App. 343, 255 S.W.2d 707 (1952), property was conveyed "unto H. H. Brown and his wife, Mary Brown, equally and jointly --- to have and to hold the same to the said H. H. Brown and Mary Brown, their heirs and assigns forever". This Court held that a tenancy by the entireties resulted and said:

> [1] "An estate by entirety which is a form of co-ownership held by husband and wife with right of survivorship, is defined as an estate held by husband and wife by virtue of title acquired by them jointly after marriage." 41 C. J. S., Husband and Wife Section 34, page 458. And "an estate by the entireties involves the unities of time, title, interest, and possession, as well as the husband and wife unity of ownership." 26 Am. Jr., Sec. 71, p. 698.
>
> - - - -
>
> [3] It is generally held that a tenancy by the entirety is created when a husband and wife take an estate to themselves jointly, and such will be presumed where words do not appear to the contrary or, as in the instant case, where the language used is ambiguous. *Bost v. Johnson*, 175 Tenn. 232, 133 S.W. (2d)

491.

Regarding estates created by the entireties, the Court, in
*Bennett v. Hutchens*, 133 Tenn. 65, 179 S. W. 629, 630, said:

> "By the authorities it is held that a deed to
> husband and wife, which would at common
> law have created in them an estate in join
> tenancy, had they not been married, does,
> by the fact of the marriage, create in the
> husband and wife an estate by the entireties.

> "By the authorities it is held that a deed to husband and wife,
> which would at common law have created in them an estate in
> joint tenancy, had they not been married, does, by the fact of the
> marriage, create in the husband and wife an estate by the entire-
> ties. 36 Tenn. App. 347, 349.

The deed in the present case does not designate the conveyees as husband and wife.

However, the evidence is uncontradicted that they were, in fact, husband and wife when the deed

was executed.

At the bar of this Court, it was conceded that, if the deed in the present case had been

executed by a third party, the result would have been a tenancy by the entireties.

Nevertheless, it is insisted that the fact that the conveyor was not a third party, but one

of the spouses brings the transaction within the scope of T.C.A. § 66-1-109 which states, "may

do so by direct conveyance --- which shall provide that it is the grantor's intention --- to create

an estate by the entireties."

The above cited authorities lead this Court to the conclusion that, in order to create an

estate by the entireties by a deed to two spouses, it is not necessary to state in the deed that the

conveyers are husband and wife if they are such in fact.

If a conveyor conveys property to two people who are in fact husband and wife, an estate

by the entireties results unless the deed states otherwise. A conveyance to husband and wife by

a third party creates a presumption of intent to create an estate by the entireties, requiring contradictory evidence to produce a different result.

No reason occurs to this Court why the same rules should not apply to a conveyance to two spouses by one of the spouses as conveyor.

T.C.A. § 66-1-109 applies only to deeds from one spouse to the other spouse. That is, if one spouse desires to convey to his or her spouse an interest in property on a "one to one basis," the deed must in some manner indicate on its fact an intention to produce an estate by the entireties.

If, on the other hand, the property is conveyed by one spouse to both spouses, the result is the same as if the conveyor were a third person, that is, the fact that the conveyees were spouses created a presumption of intent to create estates by the entireties. There being no evidence in this record to contradict the presumption, it is conclusive as a matter of law.

The result of the foregoing is:

When Mrs. Covington Russell conveyed her property to herself and husband, she created estates by the entirety in her husband and herself.

When Mrs. Covington Russell died, her husband's estate by the entirety became an estate in fee, and Mrs. Covington's heirs have no interest in the property.

It was error for the Trial Judge to overrule the motion of the defendant, Velma Russell, for a summary judgment. This Court sustains the motion.

## II.

### Preponderance of Evidence

Since the undisputed evidence requires the summary dismissal of plaintiff's suit, the issue of preponderance of evidence is moot. None of the evidence contradicts the common law presumption which is therefore conclusive.

## III.

### Bar of Estoppel and Laches

Since the suit of plaintiffs must be dismissed on other grounds, the issues of estoppel and laches are moot.

## IV.

### The Bar of T.C.A. §§ 28-2-102, 103, 105 (Adverse Possession)

Since plaintiff's suit must be dismissed on other grounds it is unnecessary to discuss the defense of adverse possession.

Other issues presented to the Trial Court and not restated to this Court need not be discussed or decided by this Court.

The judgment of the Trial Court in respect to the claim of Bill Covington and Brenda Covington is reversed, and the cause is remanded to the Trial Court for entry of a judgment in conformity with this opinion and further necessary proceedings. Costs of this appeal are assessed against Bill Covington and Brenda Covington.

**REVERSED AND REMANDED**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE